## ICKES *v.* KELLEY.

PRACTICE—CHANGE OF VENUE.—It is too late to apply for a change of venue after the trial has been commenced.

For the other points decided herein, see the opinion at length.

APPEAL from the *Vigo* Circuit Court.

HANNA, J.—This was an action for the unlawful detention of "a certain coal bank, commonly called *Thrall's Coal Bed*, being about two acres of land, wherein the same is situated." Suit was commenced before a justice. The transcript shows that the parties appeared, and, after the plaintiff had introduced a part of his evidence, to-wit: title deeds, the defendant filed an affidavit, that he believed the plaintiff was not the real owner of said land, but one *Mattingly*, or one *Thralls*, and moved to certify the case to the Circuit Court, which was overruled. He then filed an affidavit, alleging prejudice, &c., in the justice, and praying a change of venue, which was refused, on the ground that the application came too late. Judgment against the defendant.

On appeal, the defendant moved to dismiss, because the complaint contained no cause of action; because of the refusal of the justice to certify the cause, or to grant a change of venue. Motion overruled. Trial, finding and judgment for the plaintiff, over a motion for a new trial. The errors assigned are based upon the rulings in refusing to dismiss, and in overruling the motion for a new trial.

Upon the first point there was no error. The complaint sets out facts showing the right of the plaintiff to possession, and averring that the defendant entered peaceably into possession, but was holding by force and without right. There was no answer filed, and the affidavit filed did not put in issue the title to real estate. Under the statute, the application for a change of venue came too late—after the trial had commenced.

Ickes *v*. Kelley.

Upon the second point, the amount of damages assessed for the detention, &c., was sixty-two dollars. The basis on which the damages were calculated, does not clearly appear. The record contains the evidence, and shows the amount of coal taken out, the value thereof at the mines before and after it was taken out, and the cost of transportation to market, and the value at that market. No evidence appears as to the use of any part of said two acres of land, or the improvements thereon, except the coal bed, nor that the same was of any value. It is evident, therefore, that the general ground upon which the damages were assessed, was the detention and use of the coal bed, and not the two acres of land; but it does not appear whether, in estimating the damages, the value of the coal in the mines, or at the market, after deducting the expenses, was taken into consideration. It is urged that the former is the measure of damages, and not the latter. The latter could not have been strictly adhered to in the assessment, as the evidence shows it would have given a sum much greater than that for which judgment was rendered. We are not prepared to say, from the record, that the judgment was for too great a sum.

It is also objected, that the judgment is erroneous, because it is for the recovery of the possession of the two acres of ground as well as the coal bed. The evidence shows that *Mattingly* leased, for one year, his farm, with the right to dig coal—this bed being thereon—to this defendant, in *February*, 1862, and that in *March*, 1862, said defendant released the right to dig coal, under said lease to said *Mattingly*, who, in *September* following, transferred two acres of land, including said coal bed, to *Kelley*.

It is possible that, if the trial had been had during the possession of said defendant, under his lease, the judgment, as to parts of said two acres of land, might have been erroneous. But however this may be, there does not, in this respect, ap-

pear to have been any error that should reverse the judgment, for two reasons: First, there was no motion below to correct the judgment, or be relieved therefrom in any form. Secondly, the evidence shows, as before stated, that the occupation of the two acres of land, other than the coal bed, could not have entered into the assessment of damages; and as to the judgment for the possession thereof, at the time of trial, the defendant's time had expired, and he was no longer in possession.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*Thomas J. Forrest*, for the appellant.

*Scott & Pierce* and *John E. Risley*, for the appellee.