## The City of Ottumwa v. Schaub.

1. **Practice**: MOTION FOR CHANGE OF VENUE: JURISDICTION. A motion for change of venue, though properly made and erroneously overruled, will not deprive the court of jurisdiction to proceed in the trial of the case.

2. ———: APPEAL. In a criminal proceeding an appeal from the judgment of a mayor cannot operate as a writ of error, but brings up the case for trial anew in the District Court.

3. **License**: REVOCATION OF: MUNICIPAL CORPORATION. A license to sell intoxicating liquors may be revoked by a city for a violation of the ordinance under which it was granted.

4. **Evidence**: RECORD: IDENTIFICATION. The identification of the ordinance record of a city by a policeman familiar with the book was held sufficient to render it admissible in evidence.

*Appeal from Jefferson District Court.*

MONDAY, DECEMBER 8.

AN information was filed before the mayor of Ottumwa accusing the defendant of obstructing light in the window of a beer saloon, in violation of the ordinances of the city. The defendant was arrested, and upon being arraigned filed his plea of not guilty, and filed his motion for a change of venue on the ground of the prejudice of the court. The defendant was tried, convicted, and sentenced to pay a fine of ten dollars and costs, and his license to sell beer, wine, and other malt and vinous liquors was declared forfeited and void, as provided in the ordinance of said city. From this judgment the defendant appealed to the Wapello District Court. In the District Court the defendant filed a motion to dismiss the appeal for the reasons following:

"1. Because this court has no jurisdiction of this cause in this: that at the time of the appearance of the parties hereto before the mayor from whom the appeal comes, and before the commencement of the trial thereof, the defendant herein filed his motion for a change of venue. Said motion was in due form of law and filed in time, and was by the court overruled;

that from the filing of said motion said court had no further jurisdiction of said cause, and could not try the same or enter any valid judgment.

" 2. The court below having no jurisdiction, after the filing of said motion, this court would have none further than to dismiss.

" If this court cannot dismiss, the defendant moves said cause be remanded to said mayor, with orders to set aside judgment rendered and to sustain the defendant's motion for a change of venue.".

The court overruled this motion. The defendant filed a demurrer to the information. The venue in the cause was then, on defendant's application, changed to the Jefferson District Court. The demurrer was overruled. The defendant was tried, found guilty, and fined ten dollars, and the costs of prosecution.

The defendant appeals.

*W. W. Cory, C. W. Lyman & W. H. C. Jaques*, for the appellant.

*Calvin Manning*, for the appellee.

DAY, J.—I. It was held by this court, in *Finch v. Marvin,* 46 Iowa, 384, that upon proper application a change of venue

1. PRACTICE: motion for change of venue: jurisdiction.
should be granted from the court of a mayor to that of a justice of the peace. But upon the filing of a motion for a change of venue the mayor does not lose his jurisdiction over the cause. If the motion is overruled, the ruling is simply erroneous. The judgment subsequently rendered is not void for want of jurisdiction. It follows that upon the appeal of this cause to the District Court that court acquired jurisdiction, and that the motion to dismiss the appeal was properly overruled.

II. The motion to remand the cause to the mayor for an order setting aside the judgment and granting a change of

2. ——: appeal.
venue was properly overruled. This proceeding is in the nature of a criminal action. An appeal to the District Court brings up the cause for trial anew. An

The City of Ottumwa v. Schaub.

appeal cannot operate as a writ of error. Code, sections 506 and 4702.

III. The demurrer assails the validity of the ordinance under which the defendant is prosecuted. The ordinance 3. LICENSE: provides for licensing the sale of beer, wine, or revocation of: other liquors the sale of which is not prohibited municipal corporation. by statute, and that a person convicted of violating certain of its provisions shall be fined not less than five nor more than twenty dollars, or imprisoned not more than thirty days, and that his license shall be forfeited. It is insisted that the city has no authority to forfeit a license for the violation of the ordinance under which the license was granted. This point was ruled adversely to the defendant in *Herber v. Baugh*, 43 Iowa, 514.

IV. It is claimed that the court erred in admitting in evidence a book claimed to be the ordinance book of Ottumwa. 4. EVIDENCE: When the book was offered the defendant objected record: iden- tification. that it had not been shown by proper testimony that it was the ordinance book of the city of Ottumwa. A policeman, familiar with the book, testified that it was the ordinance book, and that the signature to the ordinance in question was that of the mayor. There was no error in admitting the book.

V. It is insisted that the judgment of the court is contrary to the law and the evidence, in that the evidence utterly fails to show a criminal intent, or a substantial and willful violation of the ordinance. In our opinion the evidence sustains the judgment of the court.

AFFIRMED.