## PETERS v. KOEPKE.

[No. 19,392.   Filed January 4, 1901.]

COURTS.—*Records.*—*Collateral Attack.*—*Habeas Corpus.*—*Courts of Inferior Jurisdiction.*— The records of a court of inferior and limited jurisdiction are entitled to the same respect and are equally invulnerable to collateral attack as those of courts of general jurisdiction, where it is affirmatively shown that the court had jurisdiction of the subject-matter of the action and of the person of the defendant.   *pp. 38, 39.*

VENUE.—*Refusal to Grant Change of.*—The refusal of a justice of the peace, or other court, to grant a change of venue, when a sufficient affidavit is filed, does not render the subsequent proceedings in the cause void.   *p. 39.*

CRIMINAL LAW.—*Jeopardy.*—The pendency of a criminal action against a defendant, for the same offense, in another court, where jeopardy has not attached, is not available to defeat a prosecution in a court of competent jurisdiction.   *p. 39.*

SAME.—*Procuring Affidavit to Be Filed to Defeat Prosecution.*—Where one who has committed a crime or misdemeanor procures an affidavit to be filed against himself for the purpose of defeating a prosecution already commenced in good faith, or anticipated, a judgment so procured in such case affords no protection.   *p. 39.*

SAME.—*Plea of Guilty.*—*Withdrawal of Plea.*—When a defendant enters a plea of guilty to a criminal charge he cannot afterwards withdraw it without leave of court.   *pp. 39, 40.*

HABEAS CORPUS.—*Return.*—*Criminal Law.*—A return to a petition for a writ of *habeas corpus* showing that the court had jurisdiction of the subject-matter of the action and of the person of the defendant, that the affidavit charging defendant with the misdemeanor had been properly filed, and that defendant pleaded guilty to the offense described in it, that the evidence was heard, judgment rendered against him and a mittimus issued upon the judgment was sufficient, and if the matters stated therein were true the court

could not inquire into the legality of the judgment or process, or discharge the prisoner from custody.  *p. 40.*

HABEAS CORPUS. — *Evidence.* — *Sufficiency.* — *Appeal and Error.* — Where in an appeal from the action of the court in denying a writ of *habeas corpus* the bill of exceptions does not state that it contains all of the evidence, the court cannot determine the question of the sufficiency of the evidence to sustain the finding.  *p. 41.*

From the Vanderburgh Circuit Court.  *Affirmed.*

*Andrew J. Clark,* for appellant.
*Edgar Durre* and *C. T. Curry,* for appellee.

DOWLING, C. J.—The appellant filed in the Vanderburgh Circuit Court his petition for a writ of *habeas corpus,* alleging that he was unlawfully restrained of his liberty in the jail of that county by the appellee, who was the sheriff thereof.  The petition further stated that on January 26, 1900, appellant was charged upon affidavit in the police court of the city of Evansville with having on January 25, 1900, at said county, committed an assault and battery upon one Samuel J. Smith; that he was arrested upon said charge, and taken before the judge of the said police court; that for plea to the affidavit he said that he had previously been arrested, and had pleaded guilty to a like charge for the same offense before a justice of the peace of said county; that he had moved for his discharge from custody for the reason that said police court had no jurisdiction over his person; that the judge of said court falsely asserted that the appellant had pleaded guilty to the said charge in said police court, which was denied by the petitioner, who asked that the record of said court be corrected so as to show that he did not plead guilty; that said request was refused; that said appellant filed his affidavit for a change of judge, but that his motion was overruled; that the judge of the police court, over the objection of the petitioner, proceeded to hear said cause, and assessed a fine of $1,000 against said petitioner, with the further penalty of imprisonment in the

Peters *v.* Koepke.

county jail for six months; that, after the adjournment of said court, the judge thereof, by telephone, without the knowledge or consent of the petitioner, reduced the said fine to $500 with imprisonment for six months.

It is further stated in the petition, that said petitioner, previous to the said proceedings, had committed an assault and battery upon the said Samuel J. Smith at said county; that he had been charged with said misdemeanor before one Eben C. Poole, a justice of the peace of said county; that he had been arrested for said offense upon a warrant issued by said justice, and had pleaded guilty to the said charge; that judgment in said cause had been suspended until the injured person could be brought into court to testify as to the character of said assault, and for the purpose of procuring the attendance of the prosecuting attorney; that the assault and battery charged in the affidavit before the said justice of the peace was the same misdemeanor described in the affidavit filed in said police court. The petition concluded with the statement that the imprisonment of the petitioner was illegal for the reason that the judge of the police court had no jurisdiction of the person of the petitioner, and that the judgment and mittimus of said police court in said cause were wholly void.

The writ was issued, and the sheriff made his return to the same under oath. The return showed that the appellee was the sheriff of said Vanderburgh county, and that as such sheriff he had the said Richard Peters in his custody by virtue of a mittimus duly issued by the clerk of the police court of the city of Evansville, a copy of which mittimus was made a part of the return; that the said mittimus was founded upon a judgment rendered against said Peters in the police court of the city of Evansville, Indiana, a court of competent jurisdiction; that, at the time of his arraignment on said charge in said police court, the petitioner, for plea thereto, said that he was guilty as charged, and that he did not deny the jurisdiction of said court in

any manner; that, thereupon, after hearing the evidence, the court found the petitioner guilty, and assessed his punishment at a fine of $500, with imprisonment in the county jail for six months; that said petitioner was imprisoned in said jail upon a mittimus issued in pursuance of the said judgment, and that the period of the confinement of said petitioner, under said judgment and mittimus, had not expired. It was also shown by the return that the affidavit charging the petitioner with said assault and battery was filed in said police court before the filing of the affidavit with the said Eben C. Poole, justice of the peace; that the latter affidavit was unlawfully procured to be filed at the instigation of the said petitioner, and for the purpose of defeating the proper prosecution of the petitioner for the said offense. Copies of the affidavit, proceedings, and judgment of the police court were made parts of the return.

Exceptions to the sufficiency of the return were filed by the petitioner, and were overruled. The return was not further controverted. The court, after hearing the evidence, found against the petitioner that he was not illegally restrained of his liberty, and it was adjudged that he be remanded to the custody of the sheriff. The petitioner moved for a rehearing, his motion was overruled, and he excepted. The errors assigned are upon the rulings of the court on appellant's exceptions to the return to the writ of *habeas corpus,* and on the motion for a rehearing, or new trial.

The legal sufficiency of several of the grounds relied upon by the appellant for his discharge under the writ of *habeas corpus* may well be questioned. According to the later, and, as we think, the more correct decisions in this State, the records even of a court of inferior and limited jurisdiction, where it is affirmatively shown, upon their face, that the court had jurisdiction of the subject-matter of the action, and of the person of the defendant, are entitled to the same respect and are equally invulnerable to collateral attack as

those of courts of general jurisdiction. *McLaughlin* v. *Etchison,* 127 Ind. 474, 22 Am. St. 658; *Fitch* v. *Byall,* 149 Ind. 554; *Harrod* v. *Dismore,* 127 Ind. 338; *Jones* v. *Cullen,* 142 Ind. 335; VanFleet's Coll. Att. §526, p. 538. Besides, it is expressly declared in the statute creating the police court of the city of Evansville that "all its judgments, decrees, orders and proceedings shall have the same force and effect as those of the criminal or circuit courts, except that no judgment shall be a lien on the real estate, otherwise," etc. §4017 Burns 1894.

The refusal of a justice of the peace, or other court, to grant a change of venue when a sufficient affidavit is filed does not render the subsequent proceedings in the cause void. *Turner* v. *Conkey,* 132 Ind. 248, 32 Am. St. 251, overruling *Smelzer* v. *Lockhart,* 97 Ind. 315, and *State* v. *Wolever,* 127 Ind. 306. See, also, *Barnhart* v. *Davis,* 30 Kan. 520, 2 Pac. 633; *City of Ottumwa* v. *Schaub,* 52 Iowa 515, 3 N. W. 529.

The pendency of a criminal action against a defendant, for the same offense, in another court, where jeopardy has not attached, is not available to defeat a prosecution in a court of competent jurisdiction. *Dutton* v. *State,* 5 Ind. 533; *Hardin* v. *State,* 22 Ind. 347; *Haase* v. *State,* 8 Ind. App. 488; *State* v. *Osborn,* 155 Ind. 385.

Where a person who has committed a crime or misdemeanor procures an affidavit to be filed against himself, or a suit to be instituted by a friend or attorney, in the name of the State, for the purpose of defeating a prosecution against him already commenced in good faith, or anticipated, a judgment so procured in such case affords no protection to the defendant. *Halloran* v. *State,* 80 Ind. 586; *Watkins* v. *State,* 68 Ind. 427, 34 Am. Rep. 273; *DeHaven* v. *State,* 2 Ind. App. 376; *Commonwealth* v. *Alderman,* 4 Mass. 477; *State* v. *Green,* 16 Iowa 239; *State* v. *Lowry,* 1 Swan (Tenn.) 34.

If a defendant enters a plea of guilty to a criminal charge,

he cannot afterwards withdraw it without the leave of the court'; after such plea no finding is necessary, and the judgment follows the plea. *Griffith* v. *State,* 36 Ind. 406; *Conover* v. *State,* 86 Ind. 99; *Pattee* v. *State,* 109 Ind. 545; *Myers* v. *State,* 115 Ind. 554.

The police court of the city of Evansville, like the court of a justice of the peace, has no stated terms or hours for business, but is open and competent to receive complaints and to try causes within its jurisdiction daily, Sundays excepted, at all reasonable hours, when the judge is present. §4019 Burns Supp. 1897, Acts 1895, p. 258.

The return expressly and specifically traversed and denied every allegation of the petition which attempted to show that the restraint of the petitioner was illegal; it clearly set forth that the petitioner was held upon process issued on a final judgment of a court of competent jurisdiction, and that the term of his commitment had not expired. If the matters stated in the return were true, the court could not inquire into the legality of the judgment, or process, or discharge the petitioner from custody. §1133 Burns 1894. It appeared from the return that the court had jurisdiction of the subject-matter of the action and of the person of the petitioner, who was present in court; that the affidavit, charging him with the misdemeanor, had been properly filed; that the petitioner pleaded guilty to the offense described in it; that the evidence was heard; that judgment was thereupon rendered against him, and that a mittimus was issued upon the judgment. This return was sufficient. *Halloran* v. *State,* 80 Ind. 589; *Holsclaw* v. *State,* 114 Ind. 506; *McLaughlin* v. *Etchison,* 127 Ind. 474, 22 Am. St. 658; *Smith* v. *Clausmeier,* 136 Ind. 105, 43 Am. St. 311; *Anderson* v. *Mitchell,* 58 Ind. 592; *Ickes* v. *Kelley,* 21 Ind. 72; *Turner* v. *Conkey,* 132 Ind. 248, 32 Am. St. 251.

The second error assigned is the refusal of the court to grant the petitioner a rehearing. The grounds upon which the rehearing was claimed were that the finding of the court

was contrary to law, and was not sustained by sufficient evidence. In considering the question whether the finding was contrary to law, we cannot look beyond the petition and return. The evidence is not before us. A bill of exceptions is copied in the transcript, but it does not state that it contains all the evidence given in the cause. We find in the record no reason for holding that the finding was contrary to law, and as the evidence is not set out we are unable to determine the question of its sufficiency to sustain the finding. There being no available error in the record, the judgment is affirmed.