## SUMMERS *et al.* v. GATES.

No. 6352.   Opinion Filed January 25, 1916.

(154 Pac. 1159.)

1.  **JUSTICES OF THE PEACE—Jurisdiction of County Court—Appeal From Justice Court—Waiver of Objections.** Where a judgment is rendered in the justice court, without jurisdiction of the person of the defendant, and the defendant appeals to the county court, where the cause is to be tried anew upon its merits, by this act he invokes the jurisdiction of the county court, and therefore cannot be heard to say that the county court has no jurisdiction over his person.

2.  **ACTION—Joinder—Tort—Contract.** Causes of action in tort may be joined in separate counts in the same petition with causes of action in contract, when they arise out of the same transaction or transactions, connected with the same subject of action, and affect all the parties to the action.

3.  **APPEAL AND ERROR—Invited Error—Right to Complain—Submission of Issues.** Where there are several causes of action pleaded, and there is no evidence to sustain one of them, but the defendant requests the court to submit this particular phase of the case to the jury, and the court does so, the defendant will not thereafter be heard to complain of this action of the court, for one cannot invite error and then complain of it.

4.  **APPEAL AND ERROR—Harmless Error—Instructions.** Where the petition pleads a tort, and the court instructs the jury that they must find that the act complained of was knowingly done before the plaintiff can recover, but calls this instruction one upon "implied warranty;" **held,** that inasmuch as the instruction speaks for itself, and sounds purely in tort, the misnaming of it by the

court is not such prejudicial error as will reverse the case. espe-
cially since it is not at all probable that the jury was misled by
this fact.

(Syllabus by Brett, C.)

*Error from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Action by W. W. Gates against Dave Summers and
another. Judgment for plaintiff, and defendants bring
error. Affirmed.

*Hatchett & Ferguson,* for plaintiffs in error.

*Hayes & McIntosh,* for defendant in error.

Opinion by BRETT, C: This action was com-
menced in a justice court of Bryan county by W. W.
Gates, the defendant in error, as plaintiff, against Dave
Summers and J. A. Alderson, as defendants, to recover
damages alleged to have been sustained by the plaintiff,
by reason of the defendants having sold to plaintiff a
certain hog, alleged to have been infected with cholera
at the time of the sale. It is also alleged that this hog
communicated the disease to two hogs the plaintiff owned
at the time he purchased the hog from defendants, and
that they, as well as the hog purchased, died from this
disease. The plaintiff relies in his petition upon two
separate causes of action, pleaded in separate counts.
In the first count he pleads an express warranty, alleging
that the defendants expressly warranted the hog pur-
chased to be free from cholera. In the second count he
pleads a tort, alleging that the hog was infected with
cholera at the time he purchased it, and that the defend-
ants knew this fact, and claims as damages the price paid
for the hog purchased of the defendants, and the value of
the two hogs he owned at the time of the purchase, and

4—55

the value of time and money expended in doctoring these hogs. Summons was issued out of the justice court and served on defendant Summers in Bryan county, and on defendant Alderson in Grant county, the county of his residence. The service of Alderson was defective, in that he was not allowed the statutory time in which to answer. Neither of the defendants appeared in the justice court, and judgment was taken against them by default. Within the statutory time the defendants perfected their appeal to the county court of Bryan county, by filing an appeal bond, which was approved by the justice of the peace, and the cause was duly certified to the county court. In that court the defendant Alderson made a special appearance, and objected to further proceedings against him on the ground that he was a resident of Grant county, and that his codefendant, Summers, in the sale of the hog only acted as his agent, and was in no way liable to the plaintiff by reason of the transaction; that the fact of his agency was known to the plaintiff; and that Summers was only made a party defendant in said action to give colorable jurisdiction to the court of the defendant Alderson. Upon motion of plaintiff, this special plea was stricken, and the defendant Alderson saved his exceptions. The defendants moved the court to require the plaintiff to elect upon which cause of action he would rely, which motion was overruled, and exceptions saved. The cause then proceeded to trial to the court and a jury, which trial resulted in a joint judgment against the defendants in the sum of $55, from which the defendants appeal to this court.

1. We will notice the assignment of error first which challenges the jurisdiction of the court. It is insisted that the joinder of the defendant Dave Summers

in the action was a subterfuge, since he only acted as agent for Alderson in the sale of the hog; and that he was joined in the action solely for the purpose of placing venue of the action in Bryan county; and that therefore the court should have sustained Alderson's plea to the jurisdiction of the county court.

Under the record in this case, it is unnecessary for us to pass upon the motive, in the first instance, for joining these parties as parties defendant. It is evident, from the return of the summons in the justice court, that the justice had no jurisdiction of the person of Alderson; but it seems equally as well settled by this court that, when he perfected his appeal to the county court, that court, by his own act, obtained jurisdiction of his person. An appeal to the county court under our statute cannot be taken for the purpose of reviewing errors, but only for the purpose of trying the case anew upon its merits. And it seems to be the established policy of the law that where the object of an appeal is to try the cause anew, in the appellate court, upon its merits, and not to review errors, the taking of the appeal is equivalent to an appearance, and gives the appellate court jurisdiction over the person of the party appealing. In *Gulf Pipe Line Co. v. Vanderberg*, 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661, Ann. Cas. 1912D, 407, Justice Hayes, in a well-considered opinion, says:

"* * * Where on appeal a trial *de novo* is had, the rule supported by almost all the decided cases is stated in 2 Ency. of Plead. & Prac. p. 614, as follows: 'And where the object of an appeal is to try the case anew in the appellate court on its merits, and not to review errors, the taking of an appeal is equivalent to an appearance, and gives the appellate court jurisdiction over

the person, whether the service of the process before the inferior court was sufficient for that purpose or not.'

"*Deering & Co. v. Venne,* 7 N. D. 576, 75 N. W. 926, is in point. Until shortly prior to the appeal from the justice court in that case, there had existed in that state a statute authorizing two methods of appeal from judgments of justices of the peace courts, by one of which errors of law alone could be reviewed and by the other a trial *de novo* had. This statute, however, had been amended before the institution of the appeal in that action so as to provide that in all such appeals the cause should be tried anew in the district court in the same manner as actions commenced therein. In that case it was held that the defendant by the appeal invoked a trial anew upon the merits of the case, and by doing so necessarily submitted to the jurisdiction of the appellate court over his person, and could not be heard to deny such jurisdiction on appeal. Referring to the criticism that this rule in effect denies the right of appeal to a defendant upon whom an invalid service has been made, the court said: 'The right of appeal is a statutory right, and, being such, it is competent for the Legislature, not only to regulate the manner of appeals, but to deny the right for some purposes, and confer it for others. With the expediency of any such legislation the courts have nothing to do. A party is not, however, remediless in a case where no appeal is allowed. A judgment entered without jurisdiction may be attacked in various ways. The most usual mode is to resort to the writ of *certiorari*. This writ will be available in a case where no appeal is allowed, and where the law affords no other plain, speedy, and adequate remedy.' "

In the case at bar, the judgment in the justice court against Alderson was rendered without jurisdiction, and might have been set aside in an action for that purpose; but, when he appealed to the county court, he invoked the powers of that court to hear and try this cause

anew, on its merits, and could not thereafter object to the jurisdiction of that court over his person. *Turk v. Mayberry*, 32 Okla. 66, 121 Pac. 665; *Farmers' National Bank of Vinita v. First National Bank of Pryor Creek*, 24 Okla. 140, 103 Pac. 685.

2. It is again insisted that the two causes of action were improperly joined.

While it is admitted that the rule laid down in *Aylesbury Mercantile Co. v. Fitch*, 22 Okla. 475, 99 Pac. 1089, 23 L. R. A. (N. S.) 573, controls, which is that:

"Causes of action in tort may be joined in separate counts in the same petition with causes of action in contract, when they all arise out of the same transaction or transactions connected with the same subject of action, and affect all the parties to the action"

—yet it is insisted that:

"There are exceptions to this rule, and one is that the causes of action must affect alike the defendants to the action."

But this is the rule above announced by this court, and not an exception, and we fail to see why the case at bar does not come within the rule. The petition ascribes all the wrongs complained of alike to both of the defendants. They were charged as joint tortfeasors, and as being jointly liable for the breach of warranty; and the jury returned a general verdict against them jointly. And under this state of facts, we are unable to see why the case at bar does not come within the rule above announced by this court. *Melton v. Fulton*, 22 Okla. 636, 98 Pac. 911, 19 L. R. A. (N. S.) 960.

3. The defendants (plaintiffs in error) also complain because the court charged the jury that the plain-

tiff should recover, even in the absence of an express warranty, if the jury "found that the defendants sold the plaintiff a hog that was infected with cholera of which they had notice." This was error, they say, because there was no evidence that the defendants had notice of the fact that this hog was infected with cholera, and that issue therefore should not have been submitted to the jury. We have examined the record, and have been unable to find any evidence that could justly impute notice of the condition of this hog to the defendants; but the defendants, by a requested instruction, asked the court to submit this specific phase of the case to the jury. While the court did not give the instruction offered, yet the one offered requested that this particular phase of the case be submitted to the jury. And inasmuch as the defendants invited the court's attention to this phase of the case, and requested an instruction upon it, we think they are not in a position to be heard to complain upon this ground. For one certainly cannot invite error, and then complain of it. *Carter v. State,* 6 Okla. Cr. 232, 118 Pac. 264; *Pressley v. Town of Sallisaw,* 54 Okla. 747, 154 Pac. 660.

4. The defendants further complain of this particular instruction, because the court by way of introduction told the jury that it was an instruction "on implied warranty." It is true the court misnamed it. But the instruction speaks for itself, and, instead of being an instruction on implied warranty, it sounds clearly in tort, and tells the jury, if the defendants sold the plaintiff a hog infected with cholera, and the "defendants knew at the time of selling and delivering" the hog to the plaintiff that it was infected with cholera, then they would be liable. And while it is true the court errone-

ously called this an instruction on "implied warranty," yet the instruction itself sounded purely in tort, and was in line with the one requested by the defendants. We cannot, therefore, say the defendants were so prejudiced by this misnomer as to entitle them to a reversal on that ground, especially since it is not at all probable that the jury were misled by the fact that the court gave it the wrong name.

Finding no prejudicial error, we recommend that the judgment be affirmed.

By the Court: It is so ordered.