## FAUST v. FENTON.

No. 7992—Opinion Filed June 6, 1917.

(166 Pac. 731.)

**1. Justices of the Peace—Appeal—Methods.**

In this jurisdiction there are two procedures for a review of a judgment of a justice of the peace court: (1) By appeal to the county, superior, or district court, to be tried de novo upon both questions of law and fact; and (2) by a review upon questions of law upon bill of exceptions and petition in error.

**2. Same—Constitutionality of Statute.**

Sections 5455 and 5456, Revised Laws 1910, having been enacted since the adoption of the Constitution, "otherwise provide" for a review of judgment of a justice of the peace court, other than an appeal to be tried de novo upon both questions of law and fact, and said sections 5455 and 5456, providing for review upon questions of law by bill of exceptions and petition in error, are not in conflict with section 14, art. 7, of the Constitution.

(Syllabus by Collier, C.)

Error from District Court, Woodward County; James B. Cullison. Judge.

Action for unlawful detainer by Frank L. Fenton, administrator of the estate of Benjamin F. Fenton, deceased, against George Faust. From a judgment of the district court dismissing defendant's proceeding in error from a justice court, defendant brings error. Reversed and remanded, with instructions to set aside the order of dismissal, and to proceed to a determination of the case.

R. H. Nichols and S. M. Smith, for plaintiff in error.

C. W. Herod. for defendant in error.

Opinion by COLLIER. C. On March 10. 1915, the defendant in error filed a petition against plaintiff in error in a justice court of Woodward county, in an action for unlawful detainer of lands described in said petition. Hereinafter the parties will be designated as they were in the trial court. After various continuances. the case was tried and resulted in a judgment in the justice court for plaintiff. Of the judgment so rendered the defendant attempted a review in the district court of Woodward county, by filing in said district court a petition in error, together with a bill of exceptions, which contained a history of the case, as heard in the justice court, including the findings of said court, duly certified by the trial justice, and executed a bond, which was approved by the clerk of the district court, conditioned as provided by section 5475, Revised Laws of Oklahoma 1910, upon which said petition in error a summons was duly issued and served upon the plaintiff. The plaintiff made a special appearance, and moved that the proceedings in error instituted in said court by the defendant be dismissed for want of jurisdiction. which motion was sustained: said proceedings in error dismissed, and the defendant taxed with the costs. to which the defendant duly excepted. To reverse the judgment, this appeal is prosecuted.

There is but one question involved in this appeal: Can a review of a judgment of a justice court be taken by filing a petition in error and bill of exceptions in the district court? Article 7. sec. 14, of the Constitution provides:

"Until otherwise provided by law, the county court shall have jurisdiction of all cases on appeals from judgments of the justices of the peace in civil and criminal cases. and in all cases, civil and criminal, appealed from justice of the peace to such county court, there shall be a trial de novo on questions of both law and fact."

"Until otherwise provided by law" (article 7, sec. 14. of the Constitution) the only review of the judgment of a justice of the peace court was by appeal to the county court, and trial thereon de novo on questions of both law and fact. It therefore follows that sections 5034, 5035. and 5036 of Wilson's Annotated Code, being repugnant to said article 7, sec. 14, of the Constitution, were not brought over and made in force in this state by section 2 of the Schedule to the Constitution.

The cases of Cullen et al. v. Sloniker. 39 Okla. 353. 135 Pac. 341, Gulf Pipe Line Co. v. Vanderberg, 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661, Ann. Cas. 1912D, 407. Redus v. Mattison. 30 Okla. 720, 121 Pac. 253. and Fooshee & Brunson v. Smith, 34 Okla. 247. 124 Pac. 1070. by reason of the fact that said cases were decided in cases that arose prior to it being otherwise provided than by appeal for the review of a judgment of a justice of the peace court, correctly state the law. Since opinions in the above-cited cases have been handed down. it has otherwise been provided by law by the adoption of the Revised Laws of 1910, which became effec

tive on the 16th day of May, 1913. Section 5465 of the Revised Laws otherwise provides for appeal from a judgment of a justice of the peace court, so as to permit such appeal to be taken to the district court, superior court, or county court, as may be elected by the appellant, and sections 5455, 5456, and 5457 provide that a review of a judgment of a justice court may be had upon a bill of exceptions. Section 5455, Revised Laws 1910, provides:

"In all cases which shall be tried by a jury before a justice of the peace, either party shall have the right to except to the opinion of the justice upon any question of law arising during the trial of the cause; and when either party shall allege such exception, it shall be the duty of the justice to allow and sign a bill containing such exception, if truly alleged, with the point decided, so that the same may be made a part of the record of the cause."

Section 5456, Rev. Laws 1910, provides:

"Bills of exception may be made and signed in any case tried before a justice of the peace, whether the action be tried by a jury or by the justice, and such bill may be signed at any time within ten days from the day on which judgment is given in the action, and not thereafter."

Section 5457, Rev. Laws 1910, provides:

"In all bills of exception it shall be competent for the party preparing the same to set out the pleadings, motions and decisions of the justice of the peace thereon; and the whole of the evidence given or so much as may be necessary to preserve the point or points raised and decided on the trial, and the rulings and decisions of the court and exceptions made thereto on the trial."

Section 5264, Rev. Laws 1910, provides:

"If the judgment of a justice of the peace, taken on error, as herein provided, to the county or district court, be affirmed, it shall be the duty of such court to render judgment against the plaintiff in error for the costs of [the] suit, and award execution therefor; and the court shall thereupon order the clerk to certify its decision in the premises to the justice, that the judgment affirmed may be enforced, as if such proceedings in error had not been taken; or such court may award execution to carry into effect the judgment of such justice, in the same manner as if such judgment had been rendered in the county or district court."

Section 5265, Rev. Laws 1910, provides:

"When the proceedings of a justice of the peace are taken in error to the county or district court, in the manner aforesaid, and the judgment of such justice shall be reversed or set aside, the court shall render judgment of reversal, and for the costs that have accrued up to that time, in favor of the plaintiff in error, and award execution therefor; and the same shall be retained by the court for trial and final judgment, as in cases of appeal."

Section 5518, Rev. Laws 1910, provides:

"The provisions of the chapter on civil procedure, which are, in their nature, applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

Section 5238, Rev. Laws 1910, provides:

"The proceedings to obtain such reversal, vacation or modification, shall be by petition in error, filed in the Supreme Court, setting forth the errors complained of; and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action. A service on the attorney of record, in the original case, shall be sufficient. The summons shall notify the adverse party that a petition in error has been filed in a certain case, naming it, and shall be made returnable on or before the first day of the term of the court, if issued in vacation, ten days before the commencement of the term. If issued in term time, or within ten days of the first day of the term, it shall be returnable on a day therein named. If the last publication or service of the summons shall be made ten days before the end of the term the case shall stand for hearing at that term."

Section 5239, Rev. Laws 1910, provides:

"The summons mentioned in the last section shall, upon the written praecipe of plaintiff in error or his attorney, be issued by the clerk of the court in which the petition is filed, to the sheriff of any county (in which the defendant in error or his attorney of record may be; and if the writ issue to a county) other than that in which the petition is filed, the sheriff thereof may return the same by mail to the clerk, and shall be entitled to the same fees as if the same had been returnable to the district court of the county in which such officer resides. The defendant in error, or his attorney, may waive, in writing, the issuing or service of the summons."

It therefore clearly appears that by the adoption of the Revised Laws of 1910, it was fully provided, in addition to appeal from judgments of justice of the peace courts, which must be by trial de novo, that a review of a judgment of a justice of the peace court, upon questions of law, may also be had by a bill of exceptions and petition in error, and the entire necessary procedure for carrying into effect a review of judgments of justice of the peace court is provided by the sections hereinbefore cited. Section 1, art. 4, of the Constitution, provides:

"The powers of the government of the state of Oklahoma shall be divided into three

separate departments: The legislative, executive, and judicial; and except as provided in this Constitution, the legislative, executive and judicial departments of the government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."

It is the accepted law that the judiciary must not violate the said above-cited provision of the Constitution, by exercising powers belonging to the legislative arm of the state. The judiciary can construe, but has not the power to annul acts of the Legislature, not in conflict with the Constitution. To uphold the contention of plaintiff "that a review of a judgment of a justice of the peace court cannot be had upon questions of law by a bill of exceptions and petition in error" would be, in effect, to repeal the several sections of the Revised Laws of 1910, providing for such review, hereinbefore quoted.

While section 5467 provides that an appeal from the judgment of the justice of the peace court shall be tried de novo, this provision of the statute is not in conflict with sections 5455, 5456, and 5457 of the Revised Laws 1910. Under section 5467 of the Revised Laws the case appealed is tried de novo as to both the law and the facts, while under sections 5455 and 5456 the question to be reviewed is one of law only. Again, section 5467 does not, even by implication, provide that the appeal therein provided is exclusive, and certainly the writers of the Constitution did not intend that an appeal "to be tried upon both law and fact" should remain as the mode of reviewing the judgment of a justice court, for said section 14, art. 7, of the Constitution provides "for such method of appeal until otherwise provided by law." Section 5467 and sections 5455, 5456, and 5457 were all enacted by the same Legislature, by the adoption of the Code (Revised Laws of 1910), which went into effect May 16, 1913, and even if there is apparent conflict in the laws governing the review of judgments of the justice of the peace courts, which we insist is not the case, it is the duty of this court to reconcile said conflict, if possible, and find a field of operation for all of said sections.

"It is a cardinal rule in the construction of statutes that the intention of the Legislature, when ascertained, must govern, and that to ascertain the intent, all the various provisions of the legislative enactments upon the particular subject should be construed together and given effect as a whole." Board of Com'rs of Creek County v. Alexander, 58 Okla. 128, 159 Pac. 311.

"In the construction of statutes, harmony, not confusion, is to be sought. Conflicts between different provisions of the statutes are not to be held to exist, if harmony by any reasonable construction of them, can be discovered. The true rule has often been said to be that where two acts or parts of acts are reasonably susceptible of a construction that will give effect to both and to the words of each, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict. There is no conflict between different provisions of a statute if there is a reasonable meaning of the words used, considering the manner of their use, which will bring them into harmony." Sackett v. Rose, 55 Okla. 398, 154 Pac. 1177, L. R. A. 1916D, 820.

The procedure for appeal from the judgment of justice courts and for a review of such judgment as to law by bill of exceptions and petition in error are entirely different procedures and not in conflict. On appeal a bond is required to be given by appellant (section 5456, Revised Laws), and the appeal is completed by the filing and approval of said bond (section 5457, Rev. Laws), which bond stays all further proceedings in the justice court, and "no notice of the appeal shall be required to be filed or served." A procedure under sections 5454, 5455, and 5456 does not require the execution of a bond, and the execution of the judgment of the justice of the peace courts is not stayed unless appellant executes a supersedeas bond. Plaintiff in error is also required to file a bill of exceptions and petition in error in the court by which the review is sought, to make a deposit for cost or execute a bond for same or execute a pauper's oath (section 522, Rev. Laws) and file a praecipe with the clerk of the court, upon which the clerk of the court must issue summons in error, which must be served upon the opposite party. The giving of a supersedeas bond is authorized by section 5518, Rev. Laws, "as no special provision is made therefor and the same is applicable to proceedings in the justice court." The provision for securing the cost is provided by section 5222, Revised Laws, and the filing of the praecipe and the issuance of summons in error was, at the time this proceeding was had in the district court, in accord with the provision of the statute in force.

The Legislature of 1917 having repealed section 5239, it may be properly suggested, though this question is not involved in this case, that upon the filing of the petition in error and the bill of exceptions with the clerk of the court in which such review is sought, cost having been properly provided for, the clerk, upon praecipe filed by appellant, must issue summons thereon to the adverse party, as in other case brought to the

court. It thus appears that the procedure for review of the judgment of a justice of the peace court by bill of exceptions and petition in error is fully provided.

The intention of the Legislature as to providing a mode of review of the judgment of justice of the peace courts, by a bill of exceptions and petition in error, being clearly shown by the hereinbefore cited section of the Revised Laws of 1910, such legislative intent should not be defeated. In Cherokee County Publishing Co. v. Cherokee County, 48 Okla. 722, 151 Pac. 187, it is held: The primary object shall be the intention of the lawmakers, and when any rule of construction defeats that intention, it must be abandoned. Rules of construction are but aids to the accomplishment of this primary object, following Maben v. Rosser, 24 Okla. 588, 103 Pac. 674. In Landers v. Van Aukin, 77 Or. 479, 151 Pac. 712. it is held:

"A remedial statute should be construed to give it practical effect according to the lawmakers' intention."

"An act of the Legislature will not be declared unconstitutional unless its conflict with the Constitution is clear and certain." Stout v. State ex rel. Caldwell, 36 Okla. 744, 130 Pac. 553, 45 L. R. A. (N. S.) 884, Ann. Cas. 1916E, 858.

"In testing a legislative enactment as regards its constitutionality, all reasonable doubts must be resolved in support of the act. In determining the constitutionality of an act of the Legislature, courts always presume in the first place that the act is constitutional. Section 82, Lewis' Sutherland Statutory Construction, and the very many authorities therein cited.

"Another universal principle applied in considering the constitutional question is that an act will be so construed, if possible, as to avoid conflict with the Constitution, although such a construction may not be the most obvious or natural one." Section 83, Lewis' Sutherland Statutory Construction.

"The courts may resort to an implication to sustain a statute, but not to destroy it." Atlantic Waterworks Co. v. Consumers' Water Co., 44 N. J. Eq. 427, 15 Atl. 581.

It is evident that the Legislature wisely provided for a review of a judgment of a justice of the peace court, upon questions of law by a bill of exceptions and petition in error, and thus properly provided for the correction of errors of law committed by the trial justice, without incurring a possible great and unnecessary expense for attendance of witnesses incident to an appeal, which necessitated a trial de novo, on both questions of law and fact. The Legislature having, since the adoption of the Constitution, otherwise provided by adopting the

Code sections hereinbefore quoted, an additional mode of review of judgments of justice of the peace courts as to questions of law, to the appeal provided by section 14, art. 7, of the Constitution, and the defendant having strictly complied with the law as to such review by filing bill of exceptions and petition in error in the district court upon which summons issued and was served upon plaintiff, the trial court, upon motion of plaintiff, committed reversible error in dismissing said proceeding in error for want of jurisdiction.

This cause should be reversed and remanded, with instructions to set aside said order of dismissal of said proceedings in error, and proceed to hear and determine the same, and the plaintiff taxed with the costs of this appeal.

By the Court: It is so ordered.