**BARDWELL v. RIVERSIDE OIL & REFINING CO. et al.**

No. 17504.   Opinion Filed Oct. 1, 1929.

Edgerton & Vickers, for plaintiff in error.

C. M. Oakes, for defendants in error.

BENNETT, C. Riverside Oil & Refining Company and O. O. Owens brought an action of forcible entry and detainer before C. L. Nance, a justice of the peace in the city of Bristow, Okla., against Robert Bardwell for possession of the south half of the southwest quarter of section 19, township 17, range 9 in Creek county, Okla. The defendant filed first a motion to quash summons, and later asked that the trial be adjourned for want of material testimony. Finally, defendant filed an affidavit for change of venue based upon the alleged bias and prejudice of the justice and in the affidavit tendered costs. The court overruled the motion to quash and later overruled the application for change of venue upon the ground that the motion and application appeared to be for delay only, to which the defendant excepted, and thereafter, to wit, on January 29, 1925, an appeal bond was filed in the court, and by it duly approved for an appeal to district court.

After the cause was docketed in district court, defendant moved the court to remand the cause to said justice of the peace with instructions to grant the change of venue. Defendant alleged that the records and files in the transcript of said cause showed that the refusal of said justice to grant said change of venue was erroneous and contrary to law. The motion to remand was by the court overruled March 16, 1925, and thereupon defendant filed his answer in the form of a general denial and plea of "not guilty."

At the trial in the district court, there was evidence reasonably tending to support the plaintiffs' cause, and, among other things, it was testified by a witness for plaintiffs that the defendant, in consideration of the payment of a certain sum of money, about which there was some contention, had agreed to move off the premises by January 1, 1925, and deliver possession thereof; that pursuant to such agreement, the oil company, for whose benefit this arrangement was made, gave to the defendant a check for the amount agreed upon, which was duly cashed, and that this occurred in December, 1924.

The defendant testified that he went into possession of these lands in December, 1923, and held the same under an oral lease for the succeeding year and for which he paid a cash rental. It was testified that he orally leased the property from one Moses, a colored man, who, as far as the record discloses, had no authority to lease the same, but one J. W. Armstrong, who, by the admission of the parties, held the land as trustee and had authority to lease the same for agricultural purposes, was on the farm during the year 1924, and made no objection to the defendant occupying the same for that year.

Defendant testified that he claimed a right to occupy the lands for the year 1925 because he had spoken to Moses, who said it would be all right for defendant to stay on, but no proof or effort was made to show that Moses had any title or authority to rent the land, but it seems to have been admitted that said Armstrong, as trustee for the owner, had such authority, and that he had, in December, 1924, executed to the plaintiff, O. O. Owens, a written lease upon the lands for a term of five years beginning January 1, 1925. The cause was tried to a jury under instructions which appear to be fair, and a verdict was rendered for the plaintiffs and a judgment followed the verdict, from which the defendant appeals upon the following grounds as shown by his motion for new trial:

(1) That the verdict is not sustained by the evidence and is contrary to law; (2) errors of law occurring at the trial; (3) error of the court in overruling demurrer to the evidence of plaintiff; (4) error of the court in not remanding the matter to the justice of the peace.

In his brief defendant's assignments of error contain seven grounds, but in his presentation of argument and authorities in his brief, he urges only two grounds:

1. That the refusal of the justice to change the venue was error, which was pre-served by defendant's exception and by his motion in the district court to remand the cause on that ground. He refers to a single case as squarely in point, Wrought Iron Range Co. v. Leach, 32 Okla. 706, 123 Pac. 419. In that case plaintiff in error, as defendant below, filed an affidavit for change of venue before the justice and it was denied. Upon appeal to the county court defendant moved to dismiss the action for want of jurisdiction, and the overruling of this motion was the point discussed in the appeal to the Supreme Court. No motion to remand was made. The court refused to dismiss the action and said:

"The act of the justice in refusing to grant the change was, without doubt, erroneous, and rendered the judgment entered thereafter voidable, but not void. The justice court, however, still had jurisdiction of both subject-matter and parties."

And proceeds further:

"It is presumed that justices of the peace, as well as other public officials, will follow the plain letter of the law, and not exercise the functions of their offices in an oppressive and unlawful manner. Had appellant, in the county court, moved to remand the cause to the justice, or had it made other proper effort to correct the erroneous ruling, on refusal, it might have some cause for complaint; but it sought no such relief. It simply asked to have the cause dismissed for want of jurisdiction, which request, as has been seen, was denied, and rightfully."

It must be quite clear, and, from his brief it seems that the plaintiff in error so understood it, that so much of the holding and discussion by the court of the question of remanding the cause to the justice in the above quotation is purely dictum, for it in no sense was necessary to or incidental to a determination of the matter there properly presented, and therefore we cannot treat the case either as squarely in point or as controlling here.

Section 962, C. O. S. 1921, provides:

"If on the return of process, or at any time before the trial shall have been commenced, either party shall file with the justice of the peace before whom any cause is instituted or is pending for trial, an affidavit, stating: * * *or, second, that he verily believes that he cannot have a fair and impartial trial before such justice, on account of the bias or prejudice of the said justice against the affiant; * * * the trial of the case shall be changed to some other justice of the peace, as provided in the next section * * *"

Under the plain provisions of this section, it is, of course, the duty of a justice to grant

a change when a motion supported by proper affidavit is filed; and a refusal to grant the same is error. However, the justice court still has jurisdiction of both the subject-matter and the parties, and if he chooses to refuse the motion and proceeds to trial and judgment, the same would be voidable only. Wrought Iron Range Co. v. Leach, supra.

The Kansas statute, art. 7, c. 81, Comp. L. 1879, is practically identical with our own, and the Supreme Court of that state held, in the case of Barnhart v. Davis, 2 Pac. 633: .

"The question arising thereon is whether, upon the filing of the affidavit and confessing judgment for costs, as provided for in article 7, c. 81, Comp. Laws 1879, the justice was ousted of all jurisdiction in the case pending before him. * * * The contention is, on the part of the plaintiffs, that after they had filed their affidavit for a change of place of the trial of the case, and had confessed judgment for costs before the justice, that the justice was not only bound to change the place of trial, but that all of his subsequent acts were mere nullities, and that the judgment subsequently rendered was void. With this view we cannot concur. In Herbert v. Beathard, 26 Kan. 746, we decided 'If the application for a change of the place of trial was sufficient, the justice must grant the change, but if the application is not sufficient, he must refuse it.' Of course, within this decision, upon proper application and action, a change of the trial should be granted from the justice to whom the application is made to some other justice; but we have not decided, and are not willing to decide, that upon the filing of a sufficient affidavit * * * before the justice, as required by the statute, the justice loses jurisdiction of the cause. If the application, when properly made, is overruled, the ruling is merely erroneous, and the judgment subsequently rendered is not a nullity or void for want of jurisdiction. City of Ottumma v. Schaub, 52 Iowa, 515, 3 N. W. 529; Swan v. Bournes, 47 Iowa, 501."

In that case the Chief Justice in the opinion makes a very clear differentiation between the effect of a change of venue in a justice court and the effect of following or refusing to follow the procedure in the federal act providing for the removal of causes from the state to federal courts. It is pointed out that before a justice, there remains with him the right to select the justice to whom the transfer shall be made, and, in certain cases, the district or township to which such transfer shall go. It is also pointed out that the jurisdiction of the succeeding justice does not attach until the cause is transferred and a transcript delivered to him.

Section 1011, C. O. S. 1921, provides, among other things:

"* * * And the case shall be tried (upon appeal) de novo in the appellate court upon the original papers on which the cause was tried before the justice," etc.

And further:

"The appeal shall be complete upon the filing and approval of the undertaking (appeal bond). * * *"

The appeal here provided for is the general appeal which brings up the case for trial anew upon all questions of fact and all questions of law as well.

" 'Trial de novo' means trial of the entire case anew, as if no action had been instituted in court below." Peters v. Holder, 40 Okla. 93, 136 Pac. 400.

It will be observed here that in this general appeal no specification shall be made out or filed in the cause. It is not necessary for the justice to sign any bill of exceptions, nor is it necessary for the appealing party to set out in detail any part of the pleadings, the motions, or the decision of the justice, or any part of the evidence. The appeal is complete and perfect the moment the statutory appeal bond is aptly filed with and approved by the justice. This appeal bond is jurisdictional and cannot be waived by the parties. Price v. Price, 73 Okla. 178, 175 Pac. 343; Cohn v. Clark, 48 Okla. 500, 150 Pac. 467.

But section 999, C O. S. 1921, provides:

"In all cases which shall be tried by a jury before a justice of the peace, either party shall have the right to except to the opinion of the justice upon any question of law arising during the trial of the cause; and when either party shall allege such exception, it shall be the duty of the justice to allow and sign a bill containing such exception, if truly alleged, with the point decided, so that the same may be made part of the record of the cause."

Section 1000, C. O. S. 1921, is as follows:

"Bills of exception may be made and signed in any case tried before a justice of the peace, whether the action be tried by a jury or by the justice, and such bill may be signed at any time within ten days from the day on which judgment is given in the action, and not thereafter."

Section 1001, C. O. S. 1921, states:

"In all bills of exception it shall be competent for the party preparing the same to set out the pleadings, motions and decisions of the justice of the peace thereon; and

the whole of the evidence given or so much as may be necessary to preserve the point or points raised and decided on the trial, and the rulings and decisions of the court and exceptions made thereto on the trial."

It must be clear, therefore, that we have two separate methods of appeal in justice court; that the procedure in perfecting same is essentially different, and, withal, that the purposes of these appeals, while in the main the same, may not be quite identical. The law seems to contemplate a difference also in the method of trial in the appellate court. In the case of a general appeal, the case is tried de novo as to all questions of law and fact, irrespective of the rulings or judgment in the court below. In the other it seems that the first matter to be determined by the appellate court is as to the correctness of the justice's rulings on matters of law, not, however, as same may arise on a trial de novo, but as presented by bill of exception, and so much of the evidence as is therein contained, and the court's further action is determined by its finding on such question. Section 808, C. O. S. 1921; Faust v. Fenton, supra, at page 244; Larkin Jones v. School District No. 47, 8 Kan. 362.

The appeal in the case at bar was perfected by filing an appeal bond. No other step was attempted to be taken. What, then, is the status of the appellant in the court to which he has taken the appeal?

In the case of Cohen v. Cochran Grocery Co., 70 Okla. 168, 173 Pac. 642, the court in the opinion, uses this language:

"When the appeal taken, in its nature, contemplates the trying of the whole case anew, and not merely a review of an error of law affecting jurisdiction of the person, the filing of the appeal bond invokes the jurisdiction of the appellate court for all purposes, and therefore constitutes a general appearance. Kennedy v. Pulliam, 60 Okla. 16, 158 Pac. 1140; Summers v. Gates, 55 Okla. 96, 154 Pac. 1159; Doggett v. A. T. & S. F. Ry. Co., 31 Okla. 177, 120 Pac. 654; Gulf Pipe Line Co. v. Vanderberg, 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661, Ann. Cas. 1912D, 407."

The following cases hold that a review of the action of a justice of the peace may be had in the county, superior or district courts upon questions of law presented by a bill of exceptions and petition in error, under sections 999 and 1000, C. O. S. 1921, supra: C., R. I. & P. Ry. Co. v. Locke, 69 Okla. 283, 172 Pac. 52; Faust v. Fenton, 65 Okla. 243, 166 Pac. 731; Talley v. Maupin, 64 Okla. 196, 166 Pac. 734; McCullough v. Root, 64 Okla. 73, 166 Pac. 735.

In the case of Cohn v. Clark, 48 Okla. 500, 150 Pac. 467, there was a suit in garnishment attempted before a justice of the peace, but there was no service of summons upon the defendant. The issuance of garnishment summons was not based upon an affidavit and did not appear to have been served upon anyone. The court says in the opinion:

"Everything done in the justice of the peace court was 'without form and void,' except the appeal bond was in legal form and duly filed by the defendant, and that appeal bond, like charity, covered a multitude of faults."

The following is the first paragraph of the syllabus:

"Where no valid service of process is had upon the defendant in the justice of the peace court, and a motion to quash service filed by him in that court is overruled and judgment goes against him, and he files a bond for appeal to the county or district court, which is duly approved, by taking the appeal and filing the appeal bond, he waives all defects in the service of process in the justice court, and a motion made by him in the appellate court to quash the service of process is properly overruled."

The court in that case quotes from Gulf Pipe Line Co. v. Vanderberg, 28 Okla. 637, 115 Pac. 782, as follows:

"A defendant in an action in a justice court upon whom a defective service of process has been made, although he appears specially for the purpose of challenging the service and the court's jurisdiction of his person, and thereafter, without waiving his special appearance, proceeds to the trial upon the merits, if he appeals from a judgment of the justice court against him to the county court, where a trial de novo upon questions both of law and fact must be had, by taking the appeal he waives all irregularities in the issuance and service of summons in the justice court; and he cannot thereafter be heard to question the same, or to deny the appellate court's jurisdiction of his person."

In the case of Summers v. Gates, 55 Okla. 96, 154 Pac. 1159, it is disclosed that the justice court had no jurisdiction over the defendant's person, and that advantage of this was sought in said court as well as in the appellate court, but the latter court held that while the judgment rendered against one of the defendants was without jurisdiction and void and might have been set aside in an action for that purpose, nevertheless, when defendant appealed to the county court, he invoked the power of that court to hear and try the cause anew on its merits, and he could not thereafter question the jurisdiction.

In the case of Faust v. Fenton, 65 Okla. 243, 166 Pac. 731, the court says:

"The procedure for appeal from the judgment of justice courts and for a review of such judgment as to law by bill of exceptions and petition in error are entirely different procedures and not in conflict. On appeal a bond is required to be given by appellant (section 5456, Revised Laws), and the appeal is completed by the filing and approval of \said bond (section 5457, Rev. Laws), which bond stays all further proceedings in the justice court, and 'no notice of the appeal shall be required to be filed or served.' A procedure under sections 5454, 5455, and 5456, does not require the execution of a bond, and the execution of the judgment of the justice of the peace courts is not stayed unless appellant executes a supersedeas bond. Plaintiff in error is also required to file a bill of exceptions and petition in error in the court by which the review is sought, to make a deposit for cost or execute a bond. * * *"

See, also, Woods v. C., R. I. & P. Ry. Co., 129 Okla. 91, 263 Pac. 446.

The doctrine was approved in Fuss v. Anderson, 95 Okla. 2, 217 Pac. 436.

If the holding of the court in several of the foregoing cases, to the effect that service of summons or defective service of summons is waived where the parties sought to be held perfect an appeal which requires the case to be tried de novo, a parity of reasoning would seem to sustain the holding that a like appeal would operate to waive the error of the justice in refusing to grant a change of venue as well as other error, such as a refusal to quash a service of summons, as in Dickson v. Randal, 19 Kan. 212; Cohn v. Clark, supra; Kennedy v. Pulliam, supra.

Where a defendant appeals his case from a justice to a district court, for instance, and thereby, in effect, asks for that which the statute gives him, to wit, a trial de novo, we think he should be satisfied to get that for which he asks, and moreover, by appealing, he, in effect, renders dormant, if not dead, the judgment of the justice; and how he is harmed by the ruling of the court below upon some question of law when he has asked that such ruling be disregarded and that the higher court pass on it anew, and where the court grants this, we can hardly understand.

In the appellate court on general appeal, even evidence as to the holding of the justice court would not be considered. We think, therefore, that this exception is without merit.

The second and last point urged is that the evidence of plaintiff did not disclose any proper notice to defendant to quit the premises. The only notice served on the defendant was the three day notice before bringing suit, which was served about eight days after the expiration of defendant's term under his oral lease. The defendant quotes section 7341, C. O. S. 1921:

"Any person in the possession of real property, with the assent of the owner, is presumed to be a tenant at will unless the contrary is shown, except as herein otherwise provided."

And defendant claims under section 7344 that he was entitled to at least a 30 days' notice, and cites as his only authority Harley v. Paschall, 115 Okla. 294, 243 Pac. 167. That case is not in point. In that case there was a written lease which was assigned finally to one H., who, after the expiration of the written lease, continued to live for years on the premises and pay rents to the lessor, who accepted the same without protest. In fact, the owner was not a party to or interested in the suit to recover the land, and it was held that H. became a tenant from year to year. In the case at bar, the defendant claimed an oral lease for the year 1924. About the end of the year the owner made a written lease to plaintiff Owens for a term of five years beginning January 1, 1925. Defendant does not claim to have any valid lease from the owner of the farm for the year 1925.

Section 7342, C. O. S. 1921, is as follows:

"When premises are let for one or more years, and the tenant, with the assent of the landlord, continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant at will; provided, that no lease or rental contract of premises shall be continued, unless the original contract was in writing, and all other lease or contracts shall expire by limitation with the calendar year, without notice."

It is observable that the lease claimed was not in writing, and that the assent of the owner of the farm was not shown.

"A 'tenancy at sufferance' arises when a man comes into possession lawfully, but holds over wrongfully after the determination of his interest, differing, in this respect, from a 'tenancy at will,' where the holding is by the landlord's permission." Sharp v. Matthews, 123 Ga. 794, 51 S. E. 706.

Where a tenant holds over after the expiration of his term, he is wrongfully in possession and does not sustain the relationship of tenant to a landlord, and may be treated as a trespasser. Gergens v. McCollum, 25 Okla. 155, 111 Pac. 209.

In the case of Hancock v. Maurer, 103 Okla. 196, 229 Pac. 611, it is held:

"A tenant at sufferance is one who rightfully comes into possession of real estate for a certain period of time and continues to hold the possession after the expiration of the rightful tenancy, without the express or implied consent of the owner. Notice is not required to terminate a tenancy at sufferance.

"The fact that the tenant may occupy the premises with the knowledge of the owner does not change the tenancy from sufferance to one at will. In order to effect the change of possession from one at sufferance to one at will, the latter possession must be with the express or implied consent of the landlord." Id.

This case was tried to and determined by a jury. There was a sharp conflict in portions of the evidence, but it would serve no useful purpose to repeat the same here. The verdict is easily understood after a perusal of the evidence. Defendant first claimed a lease from a colored man, who is not shown to have been connected with the title or right of possession of the land. Defendant's counsel frankly admitted that one Armstrong was agent for the owner of the land and with right to lease same. Armstrong leased to plaintiff Owens. Defendant says he was to pay in advance a cash rental for the land, but he never paid or offered to pay any one any rent whatever for the farm or for the house. There is evidence that defendant was employed by plaintiff oil company to watch certain tools on the premises during 1924 for a consideration of $15 per month, but later was discharged for negligent conduct. The following fall he claimed $135 back pay covering the time of discharge. This gave rise to a controversy which resulted finally in the payment of said sum by check to defendant conditioned upon his removal from the premises the first of the year. Defendant cashed the check, but remained on the premises. Defendant insists that his demurrer to plaintiffs' evidence should have been sustained because proper notice was not served. We think the point not well taken, and are of the opinion that the issue was properly submitted to a jury, and since the instructions appear fair, and there is evidence supporting the verdict and judgment, we hold that such verdict and judgment should be affirmed.

HERR, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) 26 R. C. L. p. 1062; 7 R. C. L. Supp. p. 911. See "Forcible Entry and Detainer," 26 C. J. §133, p. 861, n. 95. "Justices of the Peace," 35 C. J. §590, p. 847, n. 25. "Trial," 38 Cyc. p. 1548, n. 27.