## WOLVERTON v. WARD.

No. 9057—Opinion Filed Dec. 10, 1918.

(176 Pac. 924.)

**Landlord and Tenant — "Tenancy from Year to Year"—Holding Over—Statute.**

Under section 3784, Revised Laws 1910, a tenant for one or more years, who, with the assent of the landlord, continues to occupy the premises after the expiration of the term, is deemed to be a tenant from year to year.

(Syllabus by Hooker, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Action of forcible entry and detainer by H. M. Wolverton against Richard Ward. Judgment for defendant, and plaintiff brings error. Affirmed.

T. B. Reeder and C. Riley, for plaintiff in error.

E. H. Bond and J. M. Sandlin, for defendant in error.

Opinion by HOOKER, C. This is an action of forcible detainer instituted by the plaintiff in error against the defendant in error, wherein judgment was rendered in the court below for the defendant in error, from which Wolverton has appealed here.

The facts as shown by this record establish that about January 1, 1913, Wolverton was the owner of the real estate in controversy; that he leased the same for farming purposes to the defendant in error for the year 1913, and that the defendant in error occupied and cultivated the same there that year; that about the beginning of the year 1914, Wolverton again leased the property for the same purposes to the defendant in error, for the year 1914 by written lease, which provided, in substance, that Wolverton rented to Ward the property here in con-

troversy, together with all improvements thereon for the year 1914, but in said written contract no date is fixed as to the expiration of tenancy, nor as to the surrender of possession to Wolverton.

Ward occupied the premises during the year 1913, and at the expiration of said year did not surrender possession thereof to Wolverton, nor was any demand or request made of him that he do so, but continued to occupy the premises for the year 1915, and cultivated a crop thereon. In October, 1915, Wolverton served notice on Ward to vacate the premises, and, on his failing so to do, instituted this act for forcible detainer against him.

Sectios 3784 of Rev. Laws 1910, provides that:

"When premises are let for one or more years, and the tenant, with the assent of the landlord, continues to occupy the premises after expiration of the term, such tenant shall be deemed to be a tenant from year to year."

No objection was made here by Wolverton as to the right or authority of Ward to occupy these premises for the year 1915 until the preparatory steps were taken to institute this suit.

Under this state of facts we are of the opinion that the plaintiff in error was not entitled to receive the possession of these premises at the time of the institution of this suit, as the defendant in error was entitled to occupy these premises until the expiration of the year 1915.

Judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.