**HARLEY et al. v. PASCHALL.**

No. 16078—Opinion Filed Jan. 12, 1926.

**1.    Trial—Demurrer to Evidence—Effect.**

A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from the evidence.

**2.    Same — Error in Overruling Demurrer Cured by Evidence of Defendant—Proof of Title in Action for Land.**

It is one of the fundamental rules of law that a plaintiff, in an action for possession of land, and for a money judgment for the unlawful use and possession thereof, must recover, if at all, upon the strength of his own title, and upon his failure to prove his title or right to possession, it is error. to overrule a demurrer to the evidence, but where the defendant afterwards introduces evidence and the omission or defect by reason thereof is supplied, the overruling of the defendant's demurrer to plaintiff's evidence becomes harmless.

**3.    Landlord and Tenant—Assignee of Lease as Tenant from Year to Year—Right to Notice of Termination of Tenancy.**

Where P. obtains a written lease of farm lands from S., and afterwards P. assigns the lease to H., who occupies the land for the balance of the period of the lease and continues thereafter to occupy the land and pays his yearly rental to S., held, H. becomes a tenant of S. from year to year and is entitled to notice as provided by sections 3787, 3788, Rev. Laws 1910, to determine his tenancy.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Jay Paschall against A. N. Harley and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

H. B. Lockett, for plaintiffs in error.

Womack & Brown and J. M. Foster, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court. Plaintiff alleges in his petition that he is the owner of a leasehold estate and is entitled to immediate possession of certain lands, consisting of 100 acres in Stephens county, under a written lease made by J. B. Springs, guardian of Winter Kelley Springs. Two leases are set up in the petition and amended petition; one lease being dated May 8, 1920, and being for a period of one year, and one dated June 23, 1921, and ending June 23, 1922. That he paid the sums of $75 per year for each lease period, and alleges defendants are in possession of the lands. Plaintiff prays judgment for possession and damages in the sum of $1,000. After issues joined, the cause was tried to a jury and a verdict returned for plaintiff fixing his damages at $275. Judgment was entered thereon, and defendants appeal and assign as error:

"(1)    The court committed error in overruling defendants' demurrer to plaintiff's evidence."

A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from the evidence, and

upon a demurrer to the evidence, the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove. Lamb v. Ulrich, 94 Okla. 240, 221 Pac. 741; Beggs Oil Co. v. Deardorf, 97 Okla. 33, 222 Pac. 535; Shawnee Gas & Electric Co. v. Griffith, 96 Okla. 261, 222 Pac. 235.

It is one of the fundamental rules of law that a plaintiff must recover, if at all, upon the strength of his own title, and before the plaintiff could recover judgment for possession, or a money judgment for use and occupation, he must first establish by competent testimony his title to the premises claimed. Defendants contend it was incumbent upon plaintiff to establish title to the land, either in Winter Kelley Spring or in J. B. Spring, and further contend that plaintiff has wholly failed in this behalf, he having alleged defendants were in possession of the land for a period of five years prior to the time plaintiff claimed to have secured the lease, and that defendant was a tenant from year to year, and in order to terminate his lease it would have been necessary to have served him with a written notice at least three months prior to the expiration of the year in which the notice was given.

It is conceded it was necessary for the plaintiff to prove ownership in his lessor, but this omission on the part of the plaintiff, if omission there was, we think was fully supplied by the defendant, who testified he was renting or leasing from J. B. Spring, and sent money or check covering the rent to J. B. Spring, and defendant in response to the question, "Now, who is J. B. Spring?" replied, "He is the boy's father who owns the land. Q. The owner of the land was just a child? A. Yes, sir. Q. And you were renting from his father? A. Yes, sir."

In Kala-Inla Coal Co. v. Ghinnelli, 55 Okla. 289, 155 Pac. 606, this court said:

"Where the defendant demurs to the evidence in chief and afterwards introduces evidence, and the omissions or defects by reason thereof are supplied, the overruling of the demurrer becomes harmless." See Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785.

The defendant thereby admitted ownership in the plaintiff's lessor, and the error, if any, in the court overruling defendants' demurrer to the evidence was cured.

The second proposition of the defendant presents the question of notice to vacate, the defendant claiming to be a tenant from year to year, and therefore entitled to a written notice at least three months prior to the end of the calendar year in which the notice was served.

Section 3784, Rev. Laws 1910, provides as follows:

"When premises are let for one or more years, and the tenant with the assent of the landlord, continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant from year to year."

Section 3787, Rev. Laws 1910, provides:

"All tenancies from year to year may be determined by at least three months' notice in writing, given to the tenant prior to the expiration of the year."

Section 3788, Rev. Laws 1910, is as follows:

"In cases of tenants occupying and cultivating farms, the notice must fix the termination of the tenancy to take place on the first day of January."

It is conceded no notice was served upon the defendant as provided by the statutes in force and effect at that period.

The record discloses the plaintiff, Joe Paschall, had a five-year lease on this 100 acres, which lease expired in 1917 or 1918, and in 1914, the defendant purchased the lease from Paschall and immediately went into possession, and at the expiration of the Paschall lease, defendant paid his lease or rent money to J. B. Spring, the guardian of the minor. Defendant had been in actual possession of the land some six or seven years. No objection appears to have been made by the guardian to his continued tenancy, and in fact the guardian is taking no part in this action. Twenty acres of this land was under cultivation and crops were planted for the year 1920, when the plaintiff, Paschall, on May 8, 1920, secured a lease from the guardian for the year ending May 7, 1921. This was an unusual time for a farm lease to terminate, nevertheless this lease appears to have been duly executed and approved. On December 10, 1920, plaintiff filed this action praying possession and $500 damages for use and occupancy. On June 23, 1921, plaintiff secured another lease for a term ending June 23, 1922, and filed his supplemental petition praying possession and additional damages in the sum of $500, or a total of $1,000. It appears Paschall paid $75 per year for these leases, but it further appears one F. G. Howard was the moving figure behind the scenes, furnishing Paschall money to pay the rent; pay court costs, and attorneys' fees. Howard testified he expected to be reimbursed by pasturing cattle on the land, but after Howard had paid a portion of the money for the May 8, 1920, lease, and was unable to obtain possession, he again in June 1921, furnished money or a portion thereof for another year's lease,

and he further testifies he did not expect to get the pasture, but just figured he would get his money out of the lease "some time". No other conclusion can be drawn, after examining all the testimony, than that Howard was buying a lawsuit, and speculating upon the probability of Paschall recovering damages from the defendant, as he testified he knew Paschall had no money, not even enough to pay court costs in the action.

Ample opportunity was afforded to give defendant the three months' notice required by statute, after plaintiff obtained the lease of May 8, 1920, but no notice was given, and plaintiff waited until he had obtained the lease of June 23, 1921, and then he filed his supplemental petition for additional damages.

Neither the guardian nor the minor, the owner of the land, are making any claim in this action, nor are they sued for failure to give possession, but the controversy is between the defendant, who had been occupying the land for seven years, and the plaintiff, who had assigned the lease to defendant, and knew defendant had been so occupying it, and had his 1920 crops planted, and then attempted to obtain possession by an overlapping lease.

We are therefore of the opinion, and so hold, that, under the admitted and proven facts in this case, the defendant's tenancy could not be terminated without legal notice, and the judgment of the trial court is therefore reversed and the cause remanded, with directions to grant the defendant a new trial and proceed in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1543; 26 R. C. L. p. 1062; 3 R. C. L. Supp. p. 1490; 4 R. C. L. Supp. p. 1694. (2) 38 Cyc. p. 1550: 21 R. C. L. p. 528: 3 R. C. L. Supp. p. 1165. (3) 35 C. J. p. 995; 16 R. C. L. 616.