## NICHOLS v. CALLAWAY.

No. 33191.  Feb. 10, 1948.

Rehearing Denied May 11, 1948.

*193 P. 2d 294.*

Wm. T. Powell and Funston Flanagan, both of Walters, for plaintiff in error.

Walter Hubbell, of Walters, for defendant in error.

LUTTRELL, J.  This action was brought by plaintiff, Mattie E. Callaway, to recover possession of farm land owned by her from defendant, R. M. Nichols, a tenant remaining in possession after the expiration of his written lease. The justice court, in which the action was originally brought, rendered judgment for defendant, and plaintiff appealed to the district court, which rendered judgment in her favor. Defendant appeals.

Defendant occupied the lands of plaintiff under a written lease which expired at the end of 1944. He remained in possession with the assent of the landlord, and without any con-

tract, during the years 1945 and 1946, paying the same rental each year as that which he had paid under the written lease. On November 27, 1946, plaintiff, the landlord, served a written notice upon defendant terminating his tenancy on December 31, 1946. Defendant did not vacate the premises, and on January 4, 1947, plaintiff served upon him the three days' notice under the forcible entry and detainer act, and thereafter brought this action to dispossess him.

Defendant states his contention in this court as follows:

"It is the contention of the plaintiff in error, lessee, upon said land that by his having had a written contract for a period of three years and having thereafter remained upon said premises for the years of 1945 and 1946, paying the same rental at the same time and place and without any new contract; that he is and was a tenant from year to year and entitled to a three months notice same to be served not less than three months prior to the 1st day of January, 1947."

The sole authority cited in support of this contention is Harley v. Paschall, 115 Okla. 294, 243 P. 167. In that case, decided January 12, 1926, this court held that under section 3784, R.L. 1910, a tenant occupying land after the expiration of his lease becomes a tenant from year to year, and was entitled to a three months' notice as provided in section 3787, R.L. 1910. The opinion in that case is erroneous for the reason that it overlooks an amendment of section 3784, R.L. 1910, by ch. 64, S.L. 1911, p. 146. The amended section, now 41 O.S. 1941 §2, changed the tenancy from year to year as specified in section 3784, to a tenancy at will. It therefore appears that at the time the opinion in Harley v. Paschall, supra, was promulgated, section 3784 had been superseded by what is now 41 O.S. 1941 §2.

In the instant case defendant continued in possession after the termination of his written lease during the years 1945 and 1946, and plaintiff accepted rents from him, paid in advance, for each of said years. By reason of these facts we are impelled to the conclusion that defendant did not hold the property as a tenant from year to year, or at will, but that he held as a tenant for each of said years by virtue of a presumption of the renewal of the original written lease.

41 O.S. 1941 §35 provides as follows:

"If a lessee of real property remains in possession thereof, after the expiration of the lease and the lessor accepts rent from him, the parties are presumed to have renewed the lease on the same terms and for the same time, not exceeding one year."

Under this section the continued occupancy of the premises by defendant, and the acceptance of the rental for one year by plaintiff, brought the parties within the terms of section 35, supra, so that defendant held as a tenant for the year 1945, which tenancy terminated on the last day of that year, and then renewed the lease for 1946 by remaining on the premises and paying rental for that year, which was accepted by plaintiff. Under the provisions of that section each year he so occupied the premises was a separate and distinct tenancy, which expired at a definite and precise period, to wit: the expiration of the calendar year. Section 35 was adopted from the Dakota statute. In Banbury v. Sherin, 56 N.W. 67, the Supreme Court of South Dakota held that where the original lease was in writing for a definite term of one year, and at the end of the term the tenant held over and the landlord accepted rent, that that fact alone, under section 3741, Comp. Laws (our section 35), renewed the lease on the same terms and for the same time, and that the parties were in the same position as though they had actually made a new written lease for one year. That court held that, in such case, the time of the termination of the tenancy

330

being definite and certain, no notice was required to effect its termination.

Under our statute no notice would be necessary in such case, since 41 O.S. 1941 §8 provides that where the time for the termination of a tenancy is specified in a contract, no notice to quit shall be necessary. We have held repeatedly that existing statutes and settled law at the time a contract is made becomes part of it and must be read into it. Knight v. Clinkscales, 51 Okla. 508, 152 P. 133; Simpson v. Hillis, 30 Okla. 561, 120 P. 572, Ann. Cas. 1913C, 227; Oklahoma Cotton Growers Ass'n v. Salyer, 114 Okla. 77, 243 P. 232. Therefore, the limitation in section 35, by which the term of such renewed lease did not exceed one year, and the provision of section 8, entered into and became a part of such renewed lease, and made certain the exact date of its termination, and notice was not required.

Defendant admits that when he tendered rent to plaintiff for the year 1947, plaintiff refused to accept it, and admits that he had no contract of any kind for the year 1947. It follows that defendant's right of occupancy, or his renewed lease, terminated on December 31, 1946, by virtue of the statutory provision, and that no notice of termination from defendant was required. The judgment of the trial court for plaintiff was correct.

The decision in Harley v. Paschall, supra, in so far as it holds that section 3784, R.L. 1910, and section 3788, R.L. 1910, were in force and effect after the amendment of section 3784 by S.L. 1910-11, ch. 64, section 1, p. 146, and the repeal of section 3788 by said ch. 64, is hereby overruled.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.