G. A. SIMMONS, Plaintiff in Error,

v.

E. A. FARISS, Defendant In Error.

No. 36766.

Supreme Court of Oklahoma.

Oct. 25, 1955.

Renegar & Renegar, Oklahoma City, for plaintiff in error.

T. K. Quillin and Pat Irwin, Oklahoma City, for defendant in error.

PER CURIAM.

This action is in forcible entry and detainer on appeal from the Common Pleas Court of Oklahoma County. The trial court held that a thirty-day notice was sufficient to terminate the tenancy and directed a verdict for plaintiff. Defendant appeals. The parties will be referred to as they appeared in the trial court.

The facts are not in dispute. On March 1, 1946, L. M. Rauch, then owner of a store building at 1606 N. Drexel Blvd., in Oklahoma City, leased it for a period of five years to G. A. Simmons, defendant herein. The lease was in writing and its expiration date was February 28, 1951. The rental of $40 per month was payable monthly.

In 1948, and while the lease was in full force and effect, Rauch sold the property to E. A. Fariss, plaintiff herein. Defendant occupied the premises during Rauch's ownership and after the sale all rental payments were made to, and accepted by plaintiff.

When the lease expired on February 28, 1951, nothing was said by plaintiff and defendant, but defendant continued to occupy the premises and pay the rental of $40 per month. On February 19, 1954, defendant contacted plaintiff in an effort to obtain a new lease but they were unable to agree on an increase in the monthly rental. They reached no agreement. On March 1, 1954, the rent for March was paid and accepted. On April 1, 1954, plaintiff served notice on defendant to terminate the tenancy on or before May 1, 1954. On April 12, 1954, plaintiff accepted $40 rent for April. On May 1, 1954, a three-day notice was served on defendant, preliminary to filing this suit.

Defendant contends that he was a holdover tenant under the written lease, and that when plaintiff accepted rent for March, 1954, he thereby renewed the lease for one year beginning March 1, 1954. This court held otherwise in Stephenson v. O'Keefe, 195 Okl. 28, 154 P.2d 757. In that case a rental contract involving a sales barn was made in November, 1939, and expired in November, 1940. Thereafter defendants paid three months rent without procuring a new contract. On February 27, 1941, a new contract was executed whereby the property was rented for a period of one year, or until February 28, 1942. On March 1, 1942, the rent for March was paid and on April 1, the rent was paid for April. On May 1, the rent was tendered but refused. This court held that 41 O.S.1941 § 2, governs over 41 O.S.1941 § 35, because section 2 is the last legislative expression on the subject. It was further held that where lessor accepted rent for two months after the expiration of the written lease the lessee became a tenant at will, and a 30-day notice was sufficient to terminate the tenancy under 41 O.S.1941 § 4.

The decision in the Stephenson case, supra, was overlooked in Nichols v. Callaway, 200 Okl. 328, 193 P.2d 294. In the Nichols case it was held that (under 41 O.S.1941 § 35) a lessee of real property, under a written lease for three years, remaining in possession after expiration of the lease, and paying the rental in advance for one year, which is accepted by lessor, is presumed to have renewed the lease on the same terms for not to exceed one year. The decision overlooks the fact that section 35 was repealed by implication by the legislature in the adoption of section 2, as was held in the Stephenson case.

The lessor in the Nichols case gave a 30-day notice to terminate the tenancy and tried his case upon the theory that lessee was a tenant at will under 41 O.S.1941 § 2. In that case it was not necessary to determine whether lessee was a tenant at will. The acceptance of rent for one year in advance constituted a new contract which would expire by its terms on December 31, 1946. This court properly held that no notice to quit is necessary where the time for termination of tenancy is specified in the contract. 41 O.S.1951 § 8. However, it was improper to hold that lessee "is presumed to have renewed the lease on the same terms for not to exceed one year" under 41 O.S.1941 § 35, since the

statute supporting such presumption was superseded by 41 O.S.1941 § 2. The decision in ·Nichols v. Callaway, supra, insofar as it is based on 41 O.S.1941 § 35, is hereby overruled.

■ · In the case now before us it is unnecessary to decide whether the conduct of the parties in paying and receiving monthly rental over a period of many months resulted in a tenancy from month to month under 41 O.S.1951 § 3, or a tenancy at will under 41 O.S.1951 § 2. In either event, a 30-day notice to terminate the tenancy is sufficient under 41 O.S. 1951 § 4.

. Defendant cites Wolverton v. Ward, 74 Okl. 40, 176 P. 924, and C. R. Anthony Co. v. Stroud, 189 Okl. 104, 114 P.2d 177, as supporting his position.

The ·decision in Wolverton v. Ward, supra, overlooks the amendment of Sec. 3784, R.L.1910, by Ch. 64, S.L.1911, p. 146, now 41 O.S.1951, § 2. For that reason it must be overruled. See Nichols v. Callaway, supra, wherein it overrules Harley v. Paschall, 115 Okl. 294, 243 P. 167, for the same reason.

In the C. R. Anthony Co. case, supra, plaintiff owned a storeroom occupied by defendant under a one-year written lease. Plaintiff wrote defendant offering to renew the lease for another year ·at the same rental,· and advised defendant that if it did not desire to renew the lease for a year the monthly rental would be larger than specified in the old lease. Plaintiff requested defendant to advise him of its election. Defendant ignored the letter but for several months continued to occupy the building and pay the monthly rental specified in the lease. Defendant's conduct was held to constitute an acceptance of the offer to renew the lease for one year. The C. R. Anthony Co. case is not in point.

It is next contended by defendant that by the terms of the written lease he was entitled to a 90-day notice to terminate the tenancy. ·

The lease was for the term March 1, 1946, to February 28, 1951. Typed in the lease is the following:

"This lease is only subject to cancellation on 90 day written notice by the parties to each other."

The printed portion of the lease provides:

"It is further agreed, at the end of this lease, or sooner termination thereof, the second party (defendant herein) shall give peaceable possession of the premises. * * * This lease shall not be considered renewed except by agreement of the parties."

■ We conclude from an examination of the contract as a whole that the provision for cancellation on 90-day written notice was applicable only during the contract period and was not applicable after the contract expired by its terms on February 28, 1951.

The judgment of the trial court is affirmed. .

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ.,· concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Reed and approved by Commissioners Nease and Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and· consideration in conference, the foregoing opinion was adopted by the Court. ·