**TOWN OF SKIATOOK, a Municipal Corporation, Plaintiff in Error,**

v.

Dorsey D. **BRUMMETT**, Defendant in Error.

No. 40284.

Supreme Court of Oklahoma.

Nov. 12, 1963.

James G. Davidson, Tulsa, for plaintiff in error.

Fred W. Woodson, Jr., Floyd L. Walker, Tulsa, for defendant in error.

JOHNSON, Justice.

This is an action for a declaratory judgment under Sections 1651 to 1657, Title 12 O.S.1961. The plaintiff in error herein was defendant below, and defendant in error herein was the plaintiff below and will hereafter be referred to as they appeared in the trial court.

The plaintiff is the owner of forty acres of land located in Tulsa County, Oklahoma, between the cities of Tulsa and, Skiatook. In 1935 J. V. Daniels, the then owner of the above mentioned land, entered into a right-of-way contract with the defendant City of Skiatook whereby he granted to such City a right-of-way across said land for the laying of a water pipeline, which line was running from Tulsa to Skiatook. Such grant contained two paragraphs which are pertinent to the issues herein. These read:

"It is agreed and understood between the parties hereto that as a further consideration the grantor shall have the right to use water from said line on the same terms and condition as are or may hereafter be imposed upon water users of the Town of Skiatook."

The second provision of such agreement involved herein is:

"It is agreed that the terms, conditions and provisions of this contract shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors and assigns of the parties hereto."

The land owned by Daniels in 1935 is now owned by the plaintiff Brummett. The petition of plaintiff discloses that water has been furnished this land since the laying of the pipeline. The plaintiff now proposes to divide his forty-acre tract into sixteen lots of two and a half acres each, which lots are to have a house on each, and he wants water for each. The defendant Town of Skiatook has refused, and this action seeks a construction of the contract.

The answer of the defendant sets forth a general denial, sets up its contract with the City of Tulsa and the requirement of Tulsa that no additional taps be permitted; that the supply furnished by this eight-inch pipeline is insufficient for Skiatook; that such contract is in violation of state law.

Upon these issues trial was had, and the contentions of plaintiff were sustained in full, from which judgment the Town of Skiatook appeals.

The defendant submits two propositions for reversal.

"Proposition I. The right of way easement the subject of this lawsuit must be interpreted that J. V. Daniels or his assigns had the right to one water tap upon the property included within the easement, and had a further right from the 4th day of September, 1955, until the 30th day of June, 1956, to purchase water from the Town of Skiatook on the same terms and conditions as were or may thereafter have been imposed upon water users of the Town of Skiatook.

"Proposition No. II. The trial court had no jurisdiction of the subject matter of this lawsuit under the Declaratory Judgments Act."

We shall consider the propositions submitted under two general heads: (1) The construction of the contract and (2) its validity.

■ The trial court held that this right-of-way agreement to furnish water was a covenant which ran with the land. With this holding we agree. In 14 Am.Jur., Sec. 33, pg. 509, it is said:

"Covenants which pertain to waters and ditches generally run with the land. * * * *"

In line with this text, the specific point here involved is adjudged in the Kansas case of City of Iola v. Lytle, infra. Therefore, whatever rights are conferred by the right-of-way contract are now vested in the plaintiff.

What was in the minds of the parties at the time they entered into this contract?

The evidence shows that all of the right-of-way for this pipeline was obtained under similar contracts. This way is several miles in length and crosses over 1,900 acres of land. If every landowner were permitted to do the thing sought by plaintiff, it is estimated in the record that some 6,000 homes might be erected and each claiming water service.

We believe this case to be parallel in most respects to the Kansas case of City of Iola, Allen County v. Lytle, 164 Kan. 33, 187 P.2d 378. In that case, the owners of thirty-eight acres of land, outside the city limits, conveyed to the city a right-of-way for a street. As a consideration for the grant the city agreed to furnish water free to the grantors for one house and the livestock kept on the premises as long as the street was so used. Thereafter, one Lytle became the owner of a part of the land and the original house.

The court held in the construction of the contract:

1. It was a covenant running with the land.

2. That by the contract "the city agreed to furnish water for the house then on the premises, and no other."

3. That water was to be furnished for livestock on that part of the original tract that "might come within the purview of the word 'premises.'"

4. It is stated in the opinion:

"The contract contains no language susceptible of interpretation that it was personal to the Hankins heirs or that they were to receive free water at any other house or for any purpose not connected with the original house and premises. On the contrary the contract provided for four connections with a three inch main and the evidence discloses they were installed at the original house and premises. Not only are we of the opinion that it was implicit in the contract that the right to free water was one attaching to the original Hankins house and the real estate or premises on which it was situated, but that it was a single indivisible right not subject to conveyance, transfer or assignment separate and apart from the ownership of the house, and that when purchasers of other portions of the unplatted lands received conveyances thereto, no right to water followed the title to them."

■ This opinion, with which we agree, can be interpreted in but one way, namely, that the right to receive water was limited to conditions at the time of the contract. We so hold in the present case. It certainly was beyond the contemplation of the parties that water should be furnished for sixteen houses rather than one.

■ We come now to the validity of the contract. It is submitted first by the defendant that this contract is void beyond a period of one year under the constitutional provision contained in Sec. 26, Article 10 of the Constitution. In support of this contention the case of City of McAlester v. State ex rel. Board of Public Affairs, 195 Okl. 1, 154 P.2d 579, and similar cases are relied upon. An analysis of this case and a comparison with the present case will show its inapplicability.

In the case the city had agreed to furnish water at a specific rate, which was to be credited against certain services which the penitentiary had performed for the city. This would require a period of several years to complete the payments, and the court held that this was a pledging of city revenues beyond the one year allowed by the Constitution, and hence was void.

No such situation exists here. The landowner was to pay for the water consumed in this case the same as any other customer; hence, there is no pledging of revenues by the city beyond the permissible period.

■ The second contention of the city presents a more formidable objection. It is urged that under the facts established by this record that the statutory provisions contained in Secs. 303 and 304, Title 11 O.S. 1961, are applicable. These sections read in part as follows:

"* * * and any such city or town, having a supply of water in excess of its immediate requirements, and the immediate requirements of its inhabitants, may sell and furnish water to persons, firms, and corporations residing or located without the corporate limits of such city or town from its water supply not immediately required by such city or its inhabitants; * *.

"* * * Provided, however, that all water sold and furnished to persons, firms and corporations without the corporate limits of the city or town so selling and furnishing the same, shall be sold and furnished upon written contracts expressly stating that such contract may be abrogated by such city or town, at any time the Council thereof, or the Board or Commission operating and controlling such water works, shall, by resolution duly adopted, declare such water so being furnished under such contract is required by such city for its own use and use of its inhabitants."

We hold that the written contract required by the above sections is in existence, and that this provision does not invalidate the agreement.

We are of the opinion and hold that under the provisions of these statutes, which were in existence at the time of the reaching of the contract herein, must be read into the contract and were a part thereof.

In the case of Nichols v. Callaway, 200 Okl. 328, 193 P.2d 294, we said in the second paragraph of the syllabus by the court::

"The laws which exist at the time and place of making a contract and at the place where it is to be performed, and which affect its validity and construction enter into and become a part of such contract."

See also the Oklahoma cases cited in Oklahoma Digest, ■ of Contracts.

Reversed annd remanded for judgment in conformity to this opinion.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.