TOM P. McDERMOTT, INC., a corporation, Plaintiff in Error,

v.

Art BENNETT, d/b/a Art Bennett & Sons, Earthmovers, Inc., a corporation and Mid-Continent Casualty Company, a corporation, Defendants in Error.

No. 40023.

Supreme Court of Oklahoma.

Sept. 22, 1964.

Clarence A. Warren, Tulsa, for plaintiff in error.

Boesche, McDermott & Eskridge, Tulsa, for defendants in error.

BERRY, Justice.

The question presented by this appeal is whether a payment bond regularly issued

by the defendant bonding company, the terms of which assures the principal's payment "* * * to all persons supplying labor and material in the prosecution of the work" performed under the particular construction contract for which issued, was intended to cover suppliers who furnished repairs and accessories for equipment used in construction work.

This question evolves from the factual situation hereafter summarized, as disclosed by the pleadings and the evidence, included in transcripts of testimony accompanying the original record by which the appeal is presented. There was no substantial dispute in the facts relative to the transaction.

On May 2, 1960, the defendant, Earthmovers, Inc., entered into a contract with Little Deep Fork Water and Soil Conservancy District No. 1, under terms of which the prime contractor was to construct three flood control dams at specified sites within a designated district. This same day the defendant casualty company issued a payment bond, in the amount of $47,921.31, assuring the named principal's payment to all persons supplying labor and materials in performance of the work under the contract. Contemporaneously Earthmovers, Inc., subcontracted to defendant Bennett portions of the work under the contract with the conservancy district. This named defendant thereafter constructed a portion of the project, but difficulties were encountered, as a result of which Earthmovers, Inc., took over the project and completed the work.

Between September 17, 1960, and October 21, 1960, the plaintiff, Tom P. McDermott, Inc., furnished tires, tire repairs, and labor by way of service calls to the job site, the overall charges therefor amounting to $1,668.82, the amount for which recovery was sought in the petition. The principal item ($866.81) was for one tire and tube installed on the pull tractor for a large scraper or earth mover, and another item ($618.-63) for repair of such a tire. There was testimony establishing the probable useable life of such tires, depending upon the purpose for and conditions under which they were used. The evidence disclosed the tires furnished by plaintiff had been used about 45 hours on defendant's job. No issue is raised concerning payment for this usage. The evidence showed plaintiff's representative knew the place and purpose for which the equipment was being used, and had been advised by defendant that he needed the equipment (tire) to finish the job.

After completion of hearing the trial court took the case under advisement, for consideration upon briefs submitted by the parties. Thereafter judgment was rendered in plaintiff's favor against defendant Bennett for the amount sued for, but denied any relief as against the other named defendants.

Upon hearing motion for new trial the court was advised that defendant Bennett had been adjudicated a bankrupt subsequent to entry of judgment, and the judgment accordingly was abated as to defendant. The motion for new trial was overruled, and plaintiff has appealed to this Court from the judgment in favor of remaining defendants.

The present statute is 61 O.S.1961 § 1, which provides:

"Whenever any public officer shall, under the laws of the State of Oklahoma, enter into contract in any sum exceeding One Hundred Dollars ($100.-00) with any person or persons, for the purpose of making any public improvements or constructing any public building or making repairs on the same, such officer shall take, from the party contracted with, a bond with good and sufficient sureties to the State of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor, materials, and/or repairs furnished in the construction of said public building or in making said public improvements."

Plaintiff contends that since the account relied upon as supporting recovery upon the bond was for a new tire and tube, repairs and service charges for labor, this constituted an indebtedness for labor and materials within the meaning of the statute, supra. The supporting argument for such contention is two-fold. Plaintiff first asserts the conservancy district is a public agency within contemplation of the statute, so that the bond must be construed as covering "repair of machinery or equipment furnished in the construction of public improvements" made by the conservancy district. Second, the bond must be held to include the account because the statute mentions "equipment", and tires must be considered as a necessary part of the equipment.

In defense of the correctness of the judgment appealed from defendants cite and quote from United States Fidelity & Guaranty Co. v. Cagg, 181 Okl. 569, 75 P.2d 412, p. 414, as follows:

"Such liability includes all materials used in the work and all labor performed on such work whether by a contractor or other. Amerman v. State, 111 Okl. 174, 239 P. 146. The term material does not include equipment, W. R. Pickering Lumber Co. v. Fuller, 117 Okl. 53, 244 P. 760; and rentals on equipment are not within the terms of the bond, Southern Surety Co. v. Municipal Excavator Co., 61 Okl. 215, 160 P. 617, L.R.A.1917B, 558; and neither are repairs or improvements on trucks which survive the completion of the project, Fuller v. Brooks, 117 Okl. 252, 246 P. 369. The material must be either used in or consumed in the project. Tway v. Thompson, 160 Okl. 279, 16 P.2d 76, 84 A.L.R. 457. As stated in the case of Green Construction Company v. Chorn, 173 Okl. 85, 46 P.2d 499, 500; 'The statute contemplates manual labor, not mechanical force, and material, as distinguished from equipment.' "

Also relied upon is United States Fidelity & Guaranty Co. v. Ed Hockaday & Co., 182

Okl. 73, 76 P.2d 911, wherein the third paragraph of the syllabus states:

"If the consumption of the material, or its value, in a public improvement depends upon the period of time and extent of use, it falls within the classification of equipment. Recovery cannot be had on the builder's bond for such material or equipment."

Prior to 1955 the relevant statute provided that the bond thereby required covered "indebtedness incurred for labor or material furnished in the construction of said public building * * ". Judicial construction of the statute is disclosed by the quotation from the Cagg case, supra. Therein it is made clear that, under prior decisions, the statute referred to manual labor and material as distinguished from equipment. This decision, based upon earlier cases, was decided under the statute in force prior to 1955. Following legislative action in 1955 the amended statute 61 O.S.Supp.1955 § 1 provided: " * * * a bond * * * pay all indebtedness incurred for labor, material, rental or repair of machinery or equipment, * * *." Thereafter in 1961 this Act again was amended (S.B. 147, S.L.1961, p. 458). This Act became effective, by legislative passage with the emergency clause, on May 15, 1961, and presently exists as 61 O.S.1961 § 1, as above quoted.

 Comparison of the two Acts discloses that the 1961 amendment returned the statute to the form in which it appeared upon adoption from Kansas (G.S.Kan.1889, Sec. 4747) with one exception, to-wit: indebtedness incurred for labor or material furnished in construction of a public building was broadened to include "and/or repairs furnished." The omission of certain language contained in the 1955 amendment clearly evidences the legislative intent to limit the liability arising under the bond, executed to satisfy the obligation created by statute, to *labor, material and repairs* furnished, and to no other items. This is established under the rule that where the meaning of a statute has been the subject of

judicial determination, the subsequent amendment thereof reasonably indicates the legislative intention to change the law. Darby v. Oklahoma Tax Comm., 201 Okl. 159, 202 P.2d 978; County Board of Equalization v. Muskogee Industrial Finance Corp., Okl., 357 P.2d 224.

■■ However, in view of the matters which are decisive of this appeal, the 1961 Act, supra, is relatively unimportant. The contract and the bond involved were executed May 2, 1960. The amendment of 1961 did not become effective until May 15, 1961. The present case thus must be determined under the statute which was in force on the date the contract was executed, since it is the law in force at the time an agreement is made effective that determines the validity and effect of such agreement. Unquestionably the controlling statute was that existing by reason of the 1955 amendment. See 61 O.S.Supp.1955 § 1. This being true, the question of the financial responsibility which attached by reason of execution of the required bond is determinable only under the 1955 amendment. From this it also follows that our earlier decision, construing the meaning of the original statute, and involving only the meaning of "labor" and "materials", cannot be fully decisive of the present appeal.

The quotation from United States Fidelity & Guaranty Co. v. Cagg, supra, reflects the various results reached in application of the original statute. Therein it is indicated that repairs or improvements on trucks which survived completion of the project did not come within provisions of the bond. Fuller v. Brooks, 117 Okl. 252, 246 P. 369. However, the court therein stated that the proof failed to show the repairs were not such as would survive completion of the project. Thus, by implication, it was recognized that in some instances incidental or minor repairs might be within the bond provisions.

■ The bond in question bound the parties thereto to make payment to all persons "supplying labor and material" in prosecution of this work. However, at the date of execution of the bond the statute governing bonds required to be taken on public works to be conditioned to pay all indebtedness incurred for "labor, material, rental or repair of machinery or equipment", furnished in the course of the construction. The often reiterated rule is that existing statutes and settled law at the time and place a contract is made is a part of, and must be read into the contract. Nichols v. Callaway, 200 Okl. 328, 193 P.2d 294; Hixon et al. v. Snug Harbor Water & Gas Co., Okl., 381 P.2d 308.

■ The terms of the bond under which defendant assumed liability in the event of the principal's default purportedly extended only to indebtedness incurred by the contractor for labor and materials. The plain requirements of the statute in force at the time, 61 O.S.Supp.1955 § 1, was a part of the contract entered into between the parties on May 2, 1960. We therefore conclude that defendant's liability under the bond extended to items which necessarily come within the category of repairs to equipment set forth in the statute.

Being confined to repairs only, this necessarily excludes the invoiced item for a particularly described new tube and tire. And, we are convinced that repairs to the equipment naturally includes the labor and transportation involved in furnishing or making such repairs at the job site as a matter of economic expediency. As noted in Fuller v. Brooks, supra, there is no difference between the nature of human force and mechanical force expended in the course of construction of a public improvement. And, use of labor and conveyances necessary for transporting material to the job site is as necessary in the course of construction as the labor required to place the material on the public improvement.

The account which supported the action upon the bond herein reflects items totaling $183.38 for labor and repairs to equipment. There is no contention such charges did not

accrue during course of construction of the public improvements covered by the bond. One item of account, dated October 21, 1960, was invoiced as follows: "2100 x 25 R.C. Service retread tire with spot repair $618.63." There is no evidence disclosing whether this charge was for retreading and spot repair of the described tire, or for purchase of a retreaded tire. In the first instance, upon proper showing, such item may be allowable under terms of the bond, but not under the latter. Since the case must be retried it is assumed such matters will be considered and determined at that time.

Our conclusion herein makes it unnecessary to discuss other argument presented herein. The judgment is reversed and the cause remanded for new trial.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON and WILLIAMS, JJ., concur.

JACKSON and IRWIN, JJ., dissent.