Dear Commissioner Mick Thompson,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
Does the Oklahoma State Banking Commissioner retain regulatoryjurisdiction over the trust funds which were in existenceimmediately prior to the effective dates of the recent amendmentsto the provisions of the Cemetery Merchandise Trust Act, 8 O.S.1991 and Supp. 1996, §§ 301 to 316, and the Perpetual Care FundAct, 8 O.S. 1991 and Supp. 1996, §§ 161 to 169.1?
¶ 1 The central issue is what control, if any, does the Oklahoma State Banking Commissioner have over the trust fund monies which were generated by those previously nonexempt entities prior to the effective dates of the amendments.
 RECENT AMENDMENTS TO THE ACTS
¶ 2 Generally, the amendments to the Cemetery Merchandise Trust Act and Perpetual Care Trust Act (the "Acts") broaden the scope of the entities that are exempted from complying with the terms of the two Acts. Both Acts now provide for the exemption of "nonprofit entities."[1]
A. Cemetery Merchandise Trust Act
¶ 3 The underlying purpose of the Cemetery Merchandise Trust Act is to protect consumers prior to the delivery of prepaid cemetery merchandise. Any organization which sells prepaid cemetery merchandise must comply with the Cemetery Merchandise Trust Act. 8 O.S.Supp. 1996, § 303[8-303]. The definition of "organization," however, specifically exempts certain organizations from the Act. Prior to 1994, the following types of organizations were exempted:
 [S]tate, county, municipal, township, rural community, religious, fraternal or nonprofit corporate entities, free community burial grounds, and charitable or eleemosynary institutions operating cemeteries in this state[.]
8 O.S. 1991, § 302[8-302](5) (emphasis added).
¶ 4 In 1994 this section was amended to exempt "nonprofit entities" rather than "nonprofit corporate entities." See 8O.S. Supp. 1994, § 302[8-302](5).
B. Perpetual Care Fund Act
¶ 5 The Perpetual Care Fund Act, in part, requires that cemeteries set aside in a trust fund, a certain percentage of the purchase price for grave sites and mausoleum crypts. 8 O.S.Supp. 1996, § 163[8-163]. The income from the trust fund can only be spent for the perpetual care of the cemetery and in accordance with the terms of the Act. 8 O.S. Supp. 1996 § 163[8-163].
¶ 6 Similar to the exemptions found in the Cemetery Merchandise Trust Act, certain types of cemeteries are exempt from the Perpetual Care Fund Act. In 1995, the Legislature added "nonprofit entities" to the list of exemptions from the Perpetual Care Fund Act. 8 O.S. Supp. 1996, § 168[8-168].
 STATE BANKING COMMISSIONER JURISDICTION
¶ 7 The State Banking Commissioner ("Banking Commissioner") has regulatory jurisdiction over the trust funds created by both the Cemetery Merchandise Trust Act and the Perpetual Care Fund Act.8 O.S. Supp. 1996, § 304[8-304] and § 166. Cemeteries, if not exempt from the Acts, must comply with the rules promulgated by the Banking Commissioner and are subject to examination by the Banking Commissioner. 8 O.S. Supp. 1996, §§ 303-310, 313, 314, 316. 8 O.S. Supp. 1996, §§ 166[8-166], 168.1.
¶ 8 From your Opinion request, it is clear that certain entities which were previously subject to the Acts are now considered exempt by the Banking Commissioner. Your request concedes that the Banking Commissioner has no jurisdiction over the monies generated by the exempt entities after the effective dates of the amendments. The issue is what control, if any, does the Banking Commissioner have over the trust fund monies which were generated by those previously nonexempt entities prior to the effective dates of the amendments.
A. Contractual Trust Funds
¶ 9 With regard to the purchase of prepaid cemetery merchandise, the Cemetery Merchandise Trust Act requires that the cemetery organization enter into a prepaid cemetery merchandise contract. 8 O.S. Supp. 1996, § 303[8-303]. Thus, entities that became exempt from the Cemetery Merchandise Trust Act through the 1994 amendment, were previously required to hold a certain amount of funds in trust through contractual relationships with the buyers of cemetery merchandise. These trust funds, in that they were set up in accordance with a prepaid cemetery merchandise contract, may be classified as contractual trust funds.
¶ 10 The general rule in contract law is that a contract is to be interpreted in accordance with the laws existing at the time the contract was executed. This principle of law has been articulated by the Oklahoma Supreme Court as follows:
 The present case thus must be determined under the statute which was in force on the date the contract was executed, since it is the law in force at the time an agreement is made effective that determines the validity and effect of such agreement. . . . The often reiterated rule is that existing statutes and settled law at the time and place a contract is made is a part of, and must be read into the contract.
Tom P. McDermott, Inc. v. Bennett, 395 P.2d 566, 570 (Okla. 1964) (citations omitted). See, e.g., McKinley v. PrudentialProperty Casualty Insurance Company, 619 P.2d 1269, 1270
(Okla.Ct.App. 1980) and Sinclair Oil Gas v. Bishop,441 P.2d 436, 443 (Okla. 1967).
¶ 11 Additionally, unless the Legislature clearly expresses a contrary intent, laws and amendments have prospective application. Quinlan v. Koch Oil Company, 25 F.3d 936, 941
(10th Cir. 1994) (citing Texas County Irrigation WaterResources Association v. Oklahoma Water Resources Board,803 P.2d 1119, 1122 (Okla. 1990)).
¶ 12 The Legislature did not expressly provide for a retroactive exemption for organizations from complying with the Cemetery Merchandise Trust Act. Therefore, the funds held in trust pursuant to a prepaid cemetery merchandise contract by those cemetery organizations which were previously subject to the Cemetery Merchandise Trust Act, remain subject to the Act and the jurisdiction of the Banking Commissioner.
B. Statutory Trust Funds
¶ 13 As distinguished from those monies set aside in trust funds pursuant to contractual requirements discussed above, other funds also remain in trust funds set up pursuant to statute. These funds may be classified as statutory trust funds.
¶ 14 Newly exempt cemetery organizations previously placed funds in trust as required by the Cemetery Merchandise Trust Act and the Perpetual Care Fund Act. Your request asks whether these remaining trust funds continue to be subject to the jurisdiction of the Banking Commissioner.
¶ 15 As previously stated, amendments to statutes generally have prospective application. Quinlan, 25 F.3d at 941. Since the amendments to the Act are not retroactive, the trust funds that were in existence immediately prior to the effective dates of the amendments to the Cemetery Merchandise Trust Act, 8O.S.Supp. 1996, § 302[8-302](5), and the Perpetual Care Fund Act, 8O.S.Supp. 1996, § 168[8-168], remain within the jurisdiction and regulatory control of the Banking Commissioner.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. A contract is to be interpreted in accordance with the lawsexisting at the time the contract was executed. Sinclair Oil Gas v. Bishop, 441 P.2d 436 (Okla. 1967) and Tom P.McDermott, Inc. v. Bennett, 395 P.2d 566 (Okla. 1964).
2. The funds held in trust pursuant to a prepaid cemeterymerchandise contract by those cemetery organizations which werepreviously subject to the Cemetery Merchandise Trust Act, asdefined by 8 O.S. 1991, § 302(5), remain subject to the Actand the jurisdiction of the Oklahoma State Banking Commissionereven though such organization may currently be exempt from theAct as defined by 8 O.S. Supp. 1996, § 302(5).
3. The Legislature expressed no intent that the broadening ofthe statutory exemptions to the Cemetery Merchandise Trust Actat 8 O.S. Supp. 1996, § 302(5) and the Perpetual Care FundAct at 8 O.S. Supp. 1996, § 168[8-168] be retroactively applied.
4. The trust funds that were in existence immediately prior tothe effective dates of the 1994 and 1995 amendments to theCemetery Merchandise Trust Act, 8 O.S. Supp. 1996, § 302(5),and the 1995 amendments to the Perpetual Care Fund Act, 8 O.S.Supp. 1996, § 168[8-168], remain within the jurisdiction andregulatory control of the Oklahoma State Banking Commissioner.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT ASSISTANT ATTORNEY GENERAL
[1] Your question did not ask, and this Opinion does not address, the definition of "nonprofit entities."