WALTER SALERNO *vs.* GEORGE A. FULLER COMPANY *et al.*

MARCH 29, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an appeal by the respondents from a decree of the superior court adjudging them to be in con-

tempt of a preliminary agreement which was made on January 21, 1942, in accordance with the workmen's compensation act, between the petitioner, employee, and the respondents, his employers, and which was approved by the director of labor on the same date. The petitioner has entered no appearance in this court. The narrow question was raised on the interpretation of the statute.

This agreement provided for the payment, by the respondents to the petitioner, of the sum of $17.03 per week from January 7, 1942, by reason of an accident suffered by him on December 11, 1941 and arising out of and in the course of his employment by the respondents. On May 8, 1942 the respondents filed in the office of the director of labor, under general laws 1938, chapter 300, article III, §13, as amended by public laws 1941, chapter 1064, a petition for a review of that agreement, on the ground that the incapacity of the employee had diminished or ended.

After a hearing the director of labor, on June 19, 1942, granted the petition, entering a decision as follows: "Inasmuch as the respondent is disabled from a cause not connected with the accident of December 11, 1941, compensation payments are, therefore, suspended as of the date of this decision." After the entry of that decision the present respondents, the employers, made no further payment to the petitioner, their former employee.

On July 3, 1942 he claimed an appeal to the superior court from the decision. After the case had reached that court, but before any hearing had been had or any order or decree had been entered therein, he filed in that court a petition praying that the respondents be adjudged to be in contempt of the director of labor and of the court, because of the fact that since the entry of that decision they had made no further payment to the petitioner.

That petition was based on the alleged ground that in accordance with G. L. 1938, chap. 300, art. III, §1, and all additions and amendments thereto, his claim of appeal from the decision of the director of labor suspended the operation

of such decision until the disposal by the superior court of such appeal; that therefore, in the instant case, the original agreement between the parties, approved by the director of labor, was in full force and effect when and after the case reached the superior court; and that hence the failure of the respondents to make any further payments to the petitioner was in contempt of the latter court.

As the result of a hearing in the superior court on that petition a decree was entered on August 4, 1942, wherein it was ordered, adjudged and decreed as follows: "First: That the respondents be and hereby are adjudged in contempt of the agreement approved by the Director of Labor. Second: That the respondents may purge themselves of contempt by paying to the said petitioner, Walter Salerno, all compensation due to the said petitioner from the 30th day of June, A. D. 1942, and until further order of this Honorable Court."

An appeal from this decree was duly filed by the respondents on August 4, 1942, being the appeal which is now before us. Reasons of appeal were duly filed. Two of these, which really include the other two, were, in substance and effect, first, that the decree was contrary to law because the workmen's compensation act did not provide for the suspension of the operation of a decision of the director of labor by the taking of an appeal therefrom; and, second, that it was contrary to law because the agreement between the parties, which had been approved by the director of labor and of which the respondents had been adjudged in contempt, had been lawfully terminated by the director of labor.

The only question, therefore, to be decided is a very narrow one, namely, whether the decree appealed from, considered as of the time of its entry and under the circumstances *then* appearing, was contrary to a proper interpretation of the workmen's compensation act. Our opinion consequently will be confined to that issue. Any other question relating to the respondents' performance or nonperformance under the decree as entered is expressly left open for determination by the superior court as the circumstances and justice require.

The director of labor, in entering the decision appealed from, was acting under and in accordance with G. L. 1938, chap. 300, art. III, §13, as amended by P. L. 1941, chap. 1064, sec. 13. The pertinent part of that section, as so amended, is as follows: "At any time after the date of the approval of an agreement or the entry of a decree fixing compensation, and before the expiration of the period for which compensation is payable under the maximum limits provided in this chapter, any agreement, award, order, findings or decree, may be from time to time reviewed by the director of labor upon his own motion or upon application of either party, after due notice to the interested parties, upon the ground that the incapacity of the injured employee has subsequently ended, increased, or diminished or that the weekly compensation payments have been based upon an erroneous wage rate. Upon such review the director of labor may increase, diminish, or discontinue the compensation payment in accordance with the facts, or make such other order as the justice of the case may require."

The statutory provisions in accordance with which the petitioner appealed from the decision of the director of labor were contained in G. L. 1938, chap. 300, art. III, §4, as amended by P. L. 1942, chap. 1236, approved May 6, 1942 and then taking effect. The pertinent part of those provisions was as follows: "Any person aggrieved by any decision or order of the director of labor may appeal therefrom to the superior court by filing in the office of the director of labor, within 10 days of the notice of the entry of any such decision or order, a claim of appeal which shall explicitly set forth the reasons therefor." It is also provided that in the event of such an appeal the director shall certify all the papers to the superior court.

No express provision was made in this §4, as thus amended, or elsewhere in art. III, as it was originally or as amended, to the effect that the filing of such a claim of appeal would suspend the operation and effect of the decision of the director of labor which was appealed from. But

the first part of §6 of the same chapter, containing all that is relevant to the main question in the instant case, is as follows: "Except as otherwise provided in §4 of this article, the justice to whom such matters so certified shall be referred by the court shall proceed to hear *de novo* all questions of law and fact therein involved as may be presented by any party in interest, and determine the questions involved and in a summary manner decide the merits of the controversy. The justice's decision shall be filed in writing with the clerk and a decree shall be entered thereon."

In view of the fact that there is nothing to the contrary in §4 thus referred to, it is clear to us that this language of §6 provides for a hearing *de novo;* and the question thus becomes pertinent in the instant case whether, because of that fact, the decision was by the appeal either vacated or suspended during the pendency of such appeal. In our opinion the filing of an appeal which brings the case up for trial *de novo* operates to vacate the decision of the lower tribunal, excepting as otherwise provided by statute. No such exception appears in the statute or practice of this state.

This principle of law was applied in the case of *State Board of Health* v. *Roy,* R. I. 538. There an appeal to the appellate division of the supreme court, as then constituted, was taken from a decision of the state board of health revoking the certificate of the appellant to practice medicine. At page 541 the court said: "The appeal vacates the proceedings before the board, so far as results go, and brings the matter up before the Appellate Division, *de novo,* for trial as fully as though it had never been heard before the board, save that the original charge or petition remains as the cause of trial, and save, also, that before it can be so tried before the Appellate Division it must have been brought before the board."

The same principle of law is well established in other jurisdictions. 4 C. J. S. 1096, §611, and pertinent cases cited. See also *Bardwell* v. *Riverside Oil & Refining Co.,* 139 Okla. 26, 30, as a typical case in which that principle is applied.

We therefore find that in the instant case the decision of

the director of labor, from which this appeal was taken, was vacated by that appeal and that thenceforth, until that appeal had been heard and a decree thereon had been entered in the superior court, the relations between the petitioner and the respondents were governed by their agreement, which had been approved by the director. From this conclusion it follows that we must also find that there is no merit in any of the reasons of appeal filed by the respondents.

The respondents' appeal is denied, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

No appearance for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr., Thomas J. Hogan,* for respondents.