PUTNAM FURNITURE
LEASING CO., INC.

v.

Walter BORDEN et al.

No. 86–461–Appeal.

Supreme Court of Rhode Island.

Oct. 15, 1987.
On Denial of Reargument
March 18, 1988.

Douglas H. Smith, Providence, William A. Hardman, III, Law Offices of Richard Gelineau, North Kingstown, for plaintiff.

Arthur M. Read, II, Providence, for defendants.

## ORDER

On October 1, 1987 the plaintiff, through its attorney, appeared before this Court in response to an order to show cause why its appeal from a Superior Court order remanding the case to the District Court for entry of final judgment should not be summarily dismissed.

After consideration of the memoranda and arguments of counsel, the Court is of the belief that no cause has been shown. Accordingly, the plaintiff's appeal is denied and dismissed and the case is remanded to the District Court for entry of final judgment.

## OPINION ON PETITION FOR REARGUMENT

PER CURIAM.

Earlier in this dispute an order was entered denying and dismissing plaintiff's appeal from a Superior Court order remanding this case to the District Court for entry of final judgment for the defendants. Subsequently the plaintiff filed a petition to reargue. Since the issue in this dispute appears to be novel, this opinion will articulate our rationale for our earlier order.

The record indicates that in May 1982 judgment for plaintiff in the amount of $3,854 was entered in the District Court, Sixth Division. The defendants filed a timely appeal to the Superior Court claiming a jury trial.

In due course the case was assigned to the Superior Court's jury trial calendar. Later defendants filed a stipulation withdrawing their appeal. When the case came on before the Superior Court justice in charge of the calendar, plaintiff argued that defendants had no right to withdraw

their appeal and that the case should be assigned for trial. The plaintiff's contention was rejected by a Superior Court justice and an order was entered remanding the case to the District Court for entry of judgment.

The plaintiff contends that defendants, by taking an appeal to the Superior Court, automatically voided the District Court judgment. The filing of this appeal, according to plaintiff, is considered the equivalent of filing an original complaint in Superior Court, and plaintiff points out that Rule 41(a) of the Superior Court Rules of Civil Procedure states that a plaintiff may not voluntarily dismiss a case on his or her own after the defendant has served an answer to the complaint.

General Laws 1956 (1985 Reenactment) § 9–12–10 provides in pertinent portion that in all civil cases in the District Court any party may cause such case to be removed for trial on all questions of law and fact to the Superior Court by filing a written appeal from the judgment of the District Court within two days of the entry of judgment. The defendants maintain that even though this section gives an appellant the right to a trial de novo in Superior Court, it does not deprive the appellant of the right to withdraw the appeal.

Although defendants correctly point out that no case law on this subject exists, that there is none, in our opinion, is due to the ingenuity of plaintiff's argument. We believe that if one has a right to take an appeal, it is to be assumed, in the absence of any statutory prohibition to the contrary, that the appellant has a right to withdraw the appeal. The plaintiff's argument that a District Court appeal is identical to the filing of an original complaint in Superior Court is not persuasive. The Superior Court Rules of Civil Procedure recognize a difference between these two actions. Rule 81(b) specifically states that repleading is not required of either party in a District Court appeal. Since the invocation of Rule 41(a) which relates to voluntary dismissals of civil actions is dependent on how far a case has progressed through the pleading stages, this provision has no

relevancy to the voluntary dismissal of a District Court appeal.

 Accordingly, whenever a party appeals from a District Court judgment to the Superior Court, the party taking that appeal may withdraw the appeal at any time prior to trial, and upon withdrawal, the District Court judgment is reinstated.

Petition for reargument is denied.