ROLAND & WHYTOCK CO., INC.

v.

Samuel WILSON.

No. 87–495–M.P.

Supreme Court of Rhode Island.

Feb. 10, 1989.

Raul L Lovett, Marc B. Gursky, Lovett, Schefrin & Gallogly, Ltd., Providence, for plaintiff.

Edward P. Sowa, Jr., Gunning, LaFazia & Gnys, Inc., Julio C. Mazzoli, Workers' Compensation Com'n, Providence, for defendant.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on a petition for a writ of certiorari to review a decree of the Workers' Compensation Commission. In that decree the commission decided that the Department of Workers' Compensation has no jurisdiction to hear a petition to reduce payments while an appeal of the original award is still pending. For the reasons that follow, we disagree.

In this case the employee had filed a petition for benefits in the Department of Workers' Compensation arising out of a back injury that occurred on May 6, 1986. After a hearing on June 20, 1986, pursuant to G.L.1956 (1986 Reenactment) § 28–33–1.1(i)(1)(A), as amended by P.L. 1987, ch. 419, § 1, he was awarded benefits.[1] The employer appealed to the Workers' Compensation Commission for a hearing de novo as provided for in § 28–33–1.1(i)(2)(C). While that appeal was pending, the employer received information suggesting a change in the employee's disability. The employer filed a request to discontinue benefits with the Department of Workers' Compensation and an informal hearing was held on November 18, 1986. That hearing resulted in a preliminary de-

termination reducing the employee's status from total to partial disability and reducing his benefits to partial. The employee then filed an appeal to the Workers' Compensation Commission.

Both appeals were heard together by a trial commissioner. He ruled that when the first appeal was filed, the Department of Workers' Compensation lost jurisdiction of the case because exclusive jurisdiction then vested in the Workers' Compensation Commission. Since the department had lost jurisdiction, the second hearing on the case was a nullity. The employer appealed from that determination to the appellate commission, and that body affirmed the trial commissioner. This petition for certiorari followed.

The specific issue before us arises out of a major restructuring of our workers' compensation system that occurred in 1985. See P.L.1985, ch. 365, § 1. Effective March 1, 1986, a Department of Workers' Compensation, a new executive department of state government, was created. General Laws 1956 (1988 Reenactment) § 42–94–2 transferred to the new department all powers, functions, and duties of the former Division of Workers' Compensation, which was formerly within the State Department of Labor.[2] Section 42–94–6.

The new department was created to bring together all administrative functions relating to workers' compensation. Section 42–94–1. Part of its mandate was to provide for prompt resolution of disputes through informal hearings and to help injured workers to obtain benefits quickly and simply. Subsections (d) and (f) of § 42–94–4.

The new legislation specifically provided that the Workers' Compensation Commission should "remain as a distinct separate

---

1. The statute in force at the time of the employee's injury, G.L.1956 (1979 Reenactment) § 28–33–1.1, as amended by P.L.1986, ch. 1, § 4, was further amended pursuant to P.L.1986, ch. 198, § 1 in the 1986 Reenactment. The 1986 Reenactment redesignated the subsections, added subdivisions, corrected internal references, and made several word substitutions. In all relevant aspects, the statutes are identical. For purposes of clarity we will refer to the language and citations of the 1986 Reenactment.

2. The statute in force at the time of the employee's injury, G.L.1956 (1984 Reenactment) chapter 94 of title 12, is in all relevant aspects identical to the 1988 Reenactment. For purposes of clarity, we will use the language and citations of the 1988 Reenactment.

judicially independent entity, administered completely separate and apart from the department of workers' compensation * * *." Section 42–94–1(b). However § 42–94–2(b) also provided:

"Notwithstanding any provision of the general laws or public law to the contrary for all injuries occurring on or after March 1, 1986, all notices of controversy or petitions shall in the first instance be filed with the department of workers' compensation for processing on an informal basis, except for petitions for commutation which shall be filed with the administrator of the workers' compensation commission."

To implement the above, § 28–33–1.1 provides a new procedure for the prompt payment of workers' compensation claims. Within fourteen days of receiving notice of an injury, an employer must file either a "memorandum of agreement" or a "notice of controversy" with the department. Section 28–33–1.1(c). If the employer contests the claim, "the matter shall be referred to a hearing officer of the department who shall schedule a mandatory informal hearing to be held no later than two (2) weeks from the date [that the notice of controversy was filed]." Section 28–33–1.1(i)(1)(A). The hearing officer must make a preliminary determination of the claim at the hearing, and any party may file an appeal to the Workers' Compensation Commission. Subsections (B) and (D) of § 28–33–1.1(i)(1). If the preliminary determination results in an order to pay compensation, the employer must file a memorandum of agreement; if there is a controversy, the employer must file a memorandum of payment along with an appeal to the Workers' Compensation Commission.[3] Section 28–33–1.-1(i)(1)(D).

Finally, § 28–33–1.1(i)(2) provides for notices of intent to discontinue, reduce, or suspend payments. It is this section that the employer in this case was acting under when it sought permission of the department to reduce payments while the appeal

from the first informal hearing was pending. Section 28–33–1.1(i)(2)(A) provides:

"Upon filing of a notice of intent to discontinue, suspend or reduce payments as provided for in § 28–35–46, as amended the matter shall be referred to a hearing officer of the department who shall schedule a mandatory informal hearing to be held no later than two (2) weeks from the date of that filing. The informal hearing may not be waived by either party or by agreement of the parties unless the matter has been resolved."

It is at this juncture that we encounter the problem that gave rise to this dispute. Although subsection (i)(2)(A) of § 28–33–1.1 refers to § 28–35–46 for guidance in filing notices of intent to discontinue, reduce, or suspend, it appears that § 28–35–46 was not fully amended to incorporate the changes. Section 28–35–46 refers only to injuries occurring on or before February 28, 1986. It provides that an employer "shall notify the *commission* and the employee of his intention to discontinue, suspend or reduce payments * * *." (Emphasis added.) The sections immediately following, §§ 28–35–47 through–52, deal with other aspects of requests to discontinue, suspend, or reduce. They all refer to the *commission*, not the department, as the forum in which to act. Only § 28–35–46 distinguishes between injuries occurring on or before February 28, 1986, and those occurring after March 1, 1986.

This would appear to be an oversight because § 28–33–1.1 expressly applies to injuries occurring on or after March 1, 1986. The Legislature may wish to consider this situation. However, for the present, except for its reference to § 28–35–46, the new statute is quite clear in providing that the procedures for resolving requests to discontinue, reduce, or suspend payment are to take place in the new *department.* Section 28–33–1.1(i)(2). Those subsections provide that there will be a mandatory informal hearing within

---

**3.** The statute in force at the time of the employee's injury G.L.1956 (1979 Reenactment) § 28–33–1.1(9)(a), as amended by P.L.1986, ch. 1, § 4, has been substantively amended by P.L.

1986, ch. 507, § 7. However, these changes have no bearing on the issues in this appeal. Again, for purposes of clarity, we use the language and citations of the 1986 Reenactment.

two weeks of the filing of the notice of intent; the hearing officer shall render a preliminary determination forthwith; and an employee may appeal an adverse determination to the commission within seven days. All these events relate clearly to the newly created department rather than to the commission. Furthermore, subsections (D) and (E) of § 28–33–1.1(i)(2) provide that an employee may also seek a stay of a hearing officer's order reducing or suspending payments from a commissioner of the Workers' Compensation Commission, and the commission is required to take prompt action on any appeal from a preliminary determination. Section 28–33–1.1(j).

There are three situations in which a notice of intent to discontinue or reduce payments would ordinarily be filed. The first would arise when a hearing officer has rendered a preliminary determination resulting in an order to pay and the employer does not contest and is paying benefits in accordance with the memorandum of agreement. There would be no appeal pending. When the employer obtained information of a change in the employee's status, it would go to the department to seek a reduction or suspension of payment.

The second situation would arise when, after a preliminary determination and an order for payment and on appeal to the commission, a final decree has been entered ordering the payment. The appeal process has ended. Therefore, the employer would file a notice of intent to discontinue or reduce payment with the department.

■ Only in the third situation, the one presented in this case, when the employer seeks to reduce or suspend payment before the appeal process is concluded, does the apparent conflict between the department and the commission arise.[4]

Chapter 365 of the Public Laws of 1985, the Workers' Compensation Reform Act of 1985, which created the Department of Workers' Compensation, contained a letter of intent when it was introduced into the House of Representatives as 85–H6172. It set forth that, among other things, the new department was intended to have initial jurisdiction over all workers' compensation claims and matters resulting from injuries occurring after January 1, 1986, except for commutations. Before passage, the January 1, 1986 effective date was amended to March 1, 1986. The department was intended to conduct informal conferences, the objectives of which would be the informal resolution of all workers' compensation disputes pertaining to matters resulting from injuries occurring after January 1, 1986. Finally these workers' compensation matters would not be heard at the Workers' Compensation Commission, unless appealed from the informal procedure of the department. The plan, therefore, was for the department to have initial jurisdiction over all matters save the petitions for commutation.

The 1985 Reform Act fully implemented the House of Representatives expression of intent. It mandated that

> "[n]ot withstanding any provision of the general laws or public law to the contrary for all injuries occurring on or after March 1, 1986, all notices of controversy or petitions shall in the first instance be filed with the department of Workers Compensation for processing on an informal basis * * *." (Emphasis added.) Section 42–94–2(b) as enacted by P.L.1985, ch. 365, § 1 and amended by P.L.1986, ch. 1, § 1.

It is clear that the initial jurisdiction, vested in the department, was intended to supersede any conflicting statute.

The appellate commission, in its decision, relied heavily on the "de novo" aspect of the hearing at the commission on appeal from the preliminary hearing. It applied this court's reasoning in the case of *Salerno v. George A. Fuller Co.,* 71 R.I. 41, 42

---

**4.** There is nothing in the workers' compensation statutes comparable to Supreme Court Rule 11(f), which provides:

"From the time of the filing of notice of appeal, the Supreme Court and trial courts shall have concurrent jurisdiction to supervise the course of said appeal * * *.

From the time of the docketing of an appeal in the Supreme Court, said court shall have exclusive jurisdiction to supervise the further course of such appeal * * *."

A.2d 28 (1945), to the situation before us now. When it does so, we believe that the appellate commission overlooks the major differences between the statutory authority of the Department of Workers' Compensation and the authority of the hearing officers under chapter 300 of the General Laws of 1938. In *Salerno,* in 1945 this court was called upon to determine the effect of the de novo appeal that was provided for in § 6 of chapter 300. The court did not have to consider the effect of statutes analogous to §§ 42–94–2 and 28–29–26 in the current statutes. Furthermore, the *Salerno* opinion was confined to the narrow issue of whether the decree appealed from, considered as of the time of its entry and in circumstances then appearing, was contrary to a proper interpretation of the Workmen's Compensation Act. The act has undergone at least two major revisions since *Salerno,* in 1954 and most recently in 1985. We are of the opinion that the application of the holding in *Salerno* to this controversy arising out of an entirely different statutory scheme would frustrate the very clear intention of the Workers' Compensation Reform Act of 1985.

We would note, however, that since the appeal to the commission results in a de novo hearing at which both parties can present new evidence, an employer in this situation could have waited for the hearing before the trial commissioner on the first appeal and presented evidence of the change in the employee's condition. There is some indication in the record why the employer did not do so. A change of the employee's attorney had caused delay and the employer consequently moved in the department to obtain a ruling more expeditiously. We conclude that it was not error for it to do so.

We are of the opinion that in the absence of any language in the 1985 Reform Act that would divest the department of all jurisdiction when an appeal is taken to the commission for a de novo hearing, it was error for the appellate commission to so hold. An obvious result of the decision of the appellate commission is that it would enable any party to deprive the department of jurisdiction by any appeal—even a frivolous one. When the act is considered in its entirety, we find that it clearly intends that while an appeal is pending and, in fact, after a decree has been entered by the commission, either party may request a hearing at the department based upon new evidence of a change in the employee's current incapacity, whether it has increased, decreased, ended, or returned.

For these reasons the final decree of the Workers' Compensation Commission is quashed, and the papers of this case are remanded to the commission with our decision endorsed thereon.