Thomas CHAVES

v.

ROBERT E. DERECKTOR OF RHODE ISLAND, INC.

No. 88–492–M.P.

Supreme Court of Rhode Island.

Feb. 21, 1990.

Marc B. Gursky, Raul L. Lovett, Lovett, Schefrin & Gallogly, Ltd., Providence, for plaintiff.

Gregory L. Boyer, Boyer, Reynolds & DeMarco, Providence, for defendant.

OPINION

SHEA, Justice.

This workers' compensation case is before the Supreme Court pursuant to the employee's petition for a writ of certiorari to determine whether an employee can unilaterally withdraw an appeal from the Department of Workers' Compensation to the

Workers' Compensation Commission. We conclude that he can.

The facts of this case are not in dispute. On May 13, 1987, the employee, Thomas Chaves, purportedly sustained a back injury while working for his employer, Robert E. Derecktor of Rhode Island, Inc. After a hearing at the Department of Workers' Compensation on July 8, 1987, employee was awarded benefits for a partial disability. On the date of the hearing, employee, pursuant to G.L.1956 (1986 Reenactment) § 28–33–1.1(i)(1)(D), as amended by P.L. 1987, ch. 419, § 1 claimed an appeal to the Workers' Compensation Commission for trial de novo.[1]

The appeal was heard on September 15, 1987. At the start of the hearing, employee attempted to withdraw the appeal and sought to allow the determination of the Department of Workers' Compensation to stand. The employer objected to the withdrawal arguing that employer had relied on employee's appeal and as such employee had the burden of going forward. After hearing arguments, the trial commissioner ruled that the appeal could be withdrawn. In so doing, the trial commissioner pointed out that employer could have protected its interest by appealing from the preliminary determination.

The employer then appealed to the appellate commission, which reversed the trial commissioner. In its decision the appellate commission noted that Article II, Rule 2.22(a)(1), of the Workers' Compensation Commission Rules of Practice requires that in order to voluntarily discontinue a case, a signed stipulation must be filed if the complaint has been answered or an appearance entered.[2] In rejecting employee's claim

that he could withdraw his appeal the appellate commission concluded:

> "[T]he attempted withdrawal of the employee's appeal, over the employer's objection, prejudiced the employer's right to a trial on the issue of ongoing benefit entitlement. We therefore rule that once an appeal is claimed by either party from a departmental preliminary determination, both sides must agree to its withdrawal following the appeal being docketed at the Commission and an entry of appearance having been filed in the matter."

In reaching this conclusion, the appellate commission cited our recent decision *Putnam Furniture Leasing Co. v. Borden*, 539 A.2d 73 (R.I.1988)(per curiam). In *Putnam*, judgment for the plaintiff was entered in the District Court and the defendants in turn filed a timely appeal to the Superior Court. The case was subsequently assigned to the Superior Court's jury trial calendar. Later the defendants filed a stipulation withdrawing their appeal. When the case came before the trial justice in charge of the calendar, the plaintiff argued that the defendants had no right to withdraw their appeal. On appeal to this court we stated:

> "[I]f one has a right to take an appeal, it is to be assumed, in the absence of any statutory prohibition to the contrary, that the appellant has a right to withdraw the appeal." *Id.* at 74.

The appellate commission distinguishes *Putnam* by asserting that unlike a judgment of the District Court, the decision of the hearing officer was only an "interlocutory type administrative preliminary determination from an informal hearing process." The commission also stated the

---

1. General Laws 1956 (1986 Reenactment) § 28–33–1.1(i)(1)(D), as amended by P.L.1987, ch. 419, § 1 provides in part:
   "Any party may file an appeal to the workers' compensation commission which shall proceed in accordance with rules and regulations adopted by the commission. All proceedings before the workers' compensation commission shall be de novo."

2. Article II, Rule 2.22(A)(1), of the Workers' Compensation Commission Rules of Practice, provides as follows:

"2.22 Dismissal of actions.—(a) *Voluntary Discontinuance:* Effect Thereof.
   (1) *By Petitioner, by Stipulation.* A proceeding may be discontinued by the petition[er] without order of the Commission (i) by filing a stipulation at any time before the adverse party has filed an answer or entry of appearance [or] (ii) by filing a stipulation of discontinuance signed by all parties who have appeared in the proceeding."

judgment in *Putnam* was for a fixed amount whereas the preliminary determination here was an open-ended obligation to provide compensation benefits. Finally the commission reasoned that a trial was available in District Court in *Putnam* but that in this case no adversarial proceeding is available at the Department of Workers' Compensation.

■ After reviewing the appellate commission's decision and arguments in support of the decision presented by employer, we are of the opinion that *Putnam* is controlling in this case. The decision of the department is not "interlocutory" as the appellate commission asserts, but is a final and enforceable decision, in the absence of appeal. The contention that this case is distinguishable from *Putnam* because proceedings before the department are not adversarial and an employer can be required to begin paying benefits also lacks merit. Part of the department's mandate is to promptly resolve disputes through an informal hearing and to help injured workers to obtain benefits quickly and simply. *Roland & Whytock Co. v. Wilson*, 553 A.2d 1069, 1070 (R.I.1989). Preventing an employee or an employer from withdrawing an appeal to the commission does not serve to accomplish this important goal. We therefore hold that the provision in article II, Rule 2.22(a)(i), requiring that all parties assent to discontinuance is not applicable to an appeal from the department to the commission.

Finally it should be noted that any party that is dissatisfied with the decision of the department can protect its right to an appeal simply by filing an appeal. In this case the employer could have taken this step or may at this stage file a notice of intent to discontinue or reduce benefits. Consequently the court fails to see how the employer was unfairly prejudiced by the trial commissioner's decision.

For these reasons the petition for the writ of certiorari is granted, the final decree of the Workers' Compensation Appellate Commission is quashed, and the papers of this case are remanded to the Workers' Compensation Commission with our decision endorsed thereon.