14

SACCUCCI LINCOLN–MERCURY
INC., et al.

v.

Felice IANNETTA et al.

No. 92–168–A.

Supreme Court of Rhode Island.

Oct. 13, 1993.

Norbara L. Octeau, Bernard P. Healy, Kiernan, Plunkett & Redihan, Providence, for plaintiff.

Ellen G. Biener, David C. Moretti, Moretti & Perlow, Cranston, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order issued to the plaintiffs to appear and show cause why the appeal of the defendant, Marisa Iannetta Barone (Barone) should not be summarily sustained.

In this case Barone and Felice Iannetta (Iannetta) were sued in District Court for personal injury and property damage arising out of a motor vehicle collision. After trial, judgment entered against Iannetta only. A decision favorable to Barone was rendered by the trial judge, and the suit against her was dismissed.

Iannetta appealed the adverse judgment to the Superior Court. That case was resolved after arbitration. Iannetta was again unsuccessful. Judgments were entered in favor of plaintiffs, and execution issued against both defendants Barone and Iannetta.

Barone moved for vacation of the arbitration award, judgment, and execution against her on the grounds that she had been improperly designated as a defendant in the Superior Court arbitration proceeding because the suit against her had been dismissed in District Court. The plaintiffs had not taken an appeal from that judgment in her favor.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. In a prior order entered in this case, we stated:

"Considering the provisions of G.L.1956 (1985 Reenactment) § 9–12–10 in light of our interpretation of said statute in *Putnam Furniture Leasing Co., Inc. v. Walter Borden, et al.,* 539 A.2d 73 (R.I.1988), we conclude that a defendant who takes an appeal from a judgment of the District Court appeals only those issues by which he or she has been aggrieved. Indeed, the statute provides '[t]hat the party claiming such appeal, at the time of claiming the same, shall pay to the clerk all costs including an attorney's fee * * * *for the party or parties adversely interested* in the judgment, to be paid by the clerk to the attorney *for such adverse party.*'" *Saccucci Lincoln Mercury Inc. v. Iannetta,* No. 92–168–A. (R.I., order filed May 18, 1993).

We are of the opinion that a party claiming an appeal does so only in respect to the interests adverse to that party. In this matter the District Court had decided the case in Barone's favor, and the case against her therefore ended. An appeal by her unsuccessful codefendant could not adversely affect the favorable judgment that she had obtained.

For these reasons Barone's appeal is sustained, the judgment appealed from is vacated, and the papers of the case are remanded to the Superior Court.

FAY, C.J., did not participate.